COTES v. COTES.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

1. APPEAL—REVIEW OF EVIDENCE.

In an action in which the burden of proof was on the plaintiff, and a review of the evidence did not show such a preponderance in his favor as would justify a disturbance of the findings of the trial court, which were adverse to him, a judgment for defendant will be affirmed.

2. EVIDENCE—COMPETENCY.

In an action to recover a portion of the proceeds of a mortgage placed by the parties upon premises which stood in plaintiff's name, but had been conveyed to him by defendant's father, and also to recover the alleged agreed price of a portion of said premises conveyed by plaintiff to defendant, the defendant was permitted to testify to conversations and communications with her father as to the purpose and object of the original conveyance to plaintiff. *Held*, that the right to introduce this testimony, under Code Civ. Proc. § 829, was conferred by plaintiff's opening the door by the evidence offered by him.

Appeal from special term.

Action by Byron S. Cotes against Maria T. Cotes. From a judgment entered after a trial at special term, plaintiff appeals. Affirmed.

The plaintiff, who was formerly the husband of the defendant, but is now divorced, alleges in his complaint that there is due him from the defendant—First, $7,800, a balance on account of a conveyance of real estate by him to her; and, second, the sum of $18,977.50, being half the proceeds of a mortgage once held by him, which he deposited in bank in her name, upon her promise that it should remain his money, and that she would, at any time he requested, pay the same over to him. The answer denies the material allegations of the complaint, and alleges a different state of facts. The only important witnesses were the plaintiff and the defendant. Their testimony agrees as to the source from which the property was derived, but is in direct conflict upon almost every other material fact. It appears that in 1886 David H. Knapp, the defendant's father, conveyed to the plaintiff seven lots on 104th street. The plaintiff says it was an unreserved gift, without any reason being given for making it by Mr. Knapp or anybody else. The defendant says it was by way of making provision for her, and that in the presence of herself and the plaintiff her father said that, instead of putting it in his will, he would deed these lots, as her share of his estate, to her husband, who was conducting a florist's business upon them, so that they might have the benefit of them. In 1888 five of the seven lots were sold (the defendant joining with the plaintiff in the deed) for $42,500. The grantees paid $5,000 in cash, and gave a purchase-money mortgage for $37,500, the balance, to the plaintiff. On the same day that the mortgage was executed the plaintiff made a written assignment, which was duly recorded, of one-half of the sum due under the mortgage to his wife, which assignment contained the following clause: "And I do hereby declare and agree with said M. Theresa Cotes to hold, that I do hold, and shall hold the said bond and mortgage for and in our joint account, to the extent of one-half interest therein for each of us, and that, to the extent of one-half interest, the said M. Theresa Cotes, my wife, is interested, and has title thereto." The plaintiff says that when the property was sold the defendant at first wanted half the money; that he demurred, and at last she consented and said, "Of course, the money is yours, and you can have it at any time that you need it

in your business," and that "it would please me to have it deposited in the bank in my name until such time as you need it." As to the $5,000 paid in cash, the plaintiff says he received and kept the whole of it. The assignment, he explains, was given by him to be used by the defendant only in case anything happened to him. The defendant contradicts these statements, and says that in 1888, when the plaintiff told her that he wanted to make this sale, she consulted with her father, and afterwards told her husband that the property was hers, and, if it was sold, she wanted half the money, or she would not sign the deed. She states that she was willing that he should have half of it to use in his business. With respect to the mortgage, she says that she wanted it in two mortgages,—half to her, and the other half to the plaintiff; that the plaintiff said that he would see that she got her rights, and that she should have one-half of it, and, relying on that promise, she signed the deed; that when he brought home the mortgage he told her: "I had one mortgage made out, but I assigned half of it to you. You ought to be satisfied,"—and he showed her the assignment, and she made him give her the bond, and he kept the mortgage. The mortgage was satisfied February 1, 1889; the defendant receiving a check for one half, and the plaintiff a check for the other half. The plaintiff accompanied the defendant to a trust company, where she deposited her check in her own name, and it is that money which is the basis of the plaintiff's second cause of action. The plaintiff says that he first asked her for it in October, 1890. The defendant says that she never heard he claimed it until this action was brought. The remainder of the property deeded by Knapp to the plaintiff, having 30 feet frontage on 104th street, the plaintiff conveyed to the defendant in October, 1890, the consideration expressed being $1. This is the basis of the plaintiff's first cause of action. He says that the title was without defect, and that the defendant agreed to pay him at the rate of $8,500 for 25 feet. The defendant's version is that in a conversation about this piece of land the plaintiff told her that he could not sell it, as the title was defective, and the best thing he could do would be to give it back to her, which he accordingly did; that the plaintiff, being greatly in debt, asked her for money, and she gave him various sums, which she specifies, and paid many of his debts,—in all, amounting to upward of $10,000; but that these expenditures by her were not, in whole or in part, payment for the land, the defendant having given her the deed of it because he said he could do nothing else with it. Upon these facts the court below gave judgment dismissing the complaint, from which the plaintiff appeals.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. H. Winsor, for appellant.

Charles Unangst, for respondent.

O'BRIEN, J. To prove the issues made by the pleadings, the burden was upon the plaintiff; and, from the summary of the testimony, it will be seen that there was no such preponderance of evidence as would justify our disturbing the findings of the trial court, which were adverse to the plaintiff. Not only did the court have the witnesses before it, and from their demeanor upon the stand and manner of testifying could determine their relative credibility, but, considering the fact that the property belonged originally to the defendant's father, the inference arising therefrom supports the defendant's contention that the gift to the plaintiff, her husband, though absolute in form, was not intended exclusively for his benefit, but that she was to derive equal advantage from it. To this must be added the conduct of the parties in dealing with the property and the mortgage that was taken back upon the sale to third parties, which, so far as it tends to corroborate either, supports

the version of the transaction as given by the defendant. Upon the clear-cut questions of fact which arose upon the testimony of the plaintiff and the defendant, it cannot be concluded that the trial court erred in holding, in effect, that the plaintiff did not sustain the burden of proof, and that there was not sufficient evidence to sustain the finding in favor of the defendant.

There are several exceptions presented, the principal ones of which relate to rulings upon evidence, growing out of the right accorded to the defendant of testifying to conversations and communications with her father—the plaintiff being present—as to the object and purpose for which the original conveyance of the property was made to the plaintiff. Such evidence, it is claimed, was in violation of section 829 of the Code of Civil Procedure. Apart from its appearing that such testimony was as to conversations with the defendant's father while the plaintiff was present, the right to introduce it was given to the defendant by reason of the fact that the plaintiff himself opened the door for the introduction of similar evidence as to the person from whom, and the manner in which, he had secured the property out of which this controversy has arisen.

As we can find no valid ground for disturbing the decision made below, the judgment entered thereon should be affirmed, with costs. All concur.

INGRAHAM, J. I concur in the affirmance of this judgment. The action was not to recover the possession of property conveyed by the defendant's father to the plaintiff, but to recover from the defendant a portion of the proceeds of certain property, which, under an arrangement between the plaintiff and the defendant, had been paid to the defendant when the property was sold. It is conceded that the legal title to the property had vested in the plaintiff by the conveyance from the defendant's father. The question as to the right of the plaintiff to recover from the defendant the portion of the proceeds of the sale of the property which he had given to her at the time of the sale must be determined by the circumstances existing when the property was sold, and the money paid to defendant. Neither the plaintiff nor the defendant therefore derived his or her title to or interest in this money through a deceased person. There is, however, another reason why the objection to the defendant's evidence of the declaration of her father was not well taken: Because it appears that the witness was only asked to say what took place between the plaintiff and the defendant's father after the plaintiff came into the room. In answer to that, the defendant testified merely to what the father said to the plaintiff. The question objected to was as to what took place in the plaintiff's presence, and that question was not objectionable, unless it involved a personal transaction with the defendant. If there was any testimony which afterwards came in, and which would come within the condemnation of the section of the Code cited, the plaintiff should have called attention to it, and either specifically objected to it, or moved to have it stricken out. The story, as told by the

·defendant, was much more probable than that told by the plaintiff. The burden of proof was upon the plaintiff to establish his right to this money by a preponderance of evidence, and, the court below having decided in favor of the defendant, we would certainly not be justified in disturbing the decision. The judgment is affirmed, with costs.