solves that question in his favor. Hummel v. Stern, 15 Misc. Rep. 27, 36 N. Y. Supp. 443.

The defendant urges that the action should not have been brought against him, but against his wife. The evidence sufficiently shows that he conducted the school. He speaks of it in his testimony as his, and gives the number of his pupils. He made the contract with the plaintiff's assignor without disclosing any agency on his part, and led her to believe and act on the belief that the school was his; and it is too late now for him to seriously question his liability as principal contractor.

It is objected that the justice allowed the plaintiff to amend the bill of particulars at the trial. The court clearly possessed the power. Parsons v. Sutton, 66 N. Y., at page 95. The defendant did not claim that he was in any manner surprised by the amendment, nor was the amendment of a character calculated to surprise him. The bill of particulars was merely amended to conform to evidence of the assignor and her sister, which went in without objection; and it is doubtful whether any amendment was necessary. Chadbourne v. Railroad Co., 6 Daly, 215. The case involved a clear conflict of evidence, and the trial judge, who saw the witnesses and heard them testify, had a better opportunity to judge of their credibility and the value of their testimony than we have by a mere reading of the return; and his findings of fact should be accepted unless error is apparent. We find no reason for disturbing his conclusions.

Judgment affirmed, with costs.

---

(22 Misc. Rep. 363.)

SCHAFER v. UNITED BROTHERHOOD OF CARPENTERS, LOCAL UNION, NO. 64.

(Supreme Court, Appellate Term.  January 17, 1898.)

BENEFIT INSURANCE—NONPAYMENT OF DUES—NOTICE OF DEFAULT.
    In an action to recover death benefits, by the widow of a member of a benefit association, it appeared that a by-law provided that "any member indebted * * * for two months' dues shall be notified, and, when owing a sum equal to three months' dues, shall be considered in arrears, and will not be eligible to any benefits until three months after all the arrearages are paid." Plaintiff's husband became indebted for three months' dues, and died within 10 days after paying them. Held, that the notice of indebtedness of two months' dues was a prerequisite to the imposition of the penalty, and, as none had been served, plaintiff was entitled to recover.

Appeal from Eighth district court.

Action by Susie Schafer against the United Brotherhood of Carpenters, Local Union, No. 64. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Sidney J. Cowen, for appellant.

John A. Payne, for respondent.

BISCHOFF, J.  The defense to the plaintiff's action, brought to recover the amount of benefit accruing under the defendant's by-laws

upon the death of her husband, a member, was based upon the provisions of one of the by-laws, expressed as follows:

"Any member indebted to his local union for any sum equal to two months' dues shall be notified by the financial secretary, and, when owing a sum equal to three months' dues, shall be considered in arrears, and will not be eligible to any benefits until three months after all the arrearages are paid in full."

The plaintiff's husband became indebted to his local union for three months' dues, and, while the arrearage was paid in full some ten days before his death, his status when he died would not have been that of a member in good standing, since the rule as quoted operated to reinstate him only after the expiration of three months from the date of the payment, unless the failure of the defendant's secretary to notify the member when an indebtedness of two months' dues existed had the effect of suspending the operation of the rule. Waiving any other questions which might arise in the case, the appellant contends that the plaintiff's recovery was to be precluded by virtue of the terms of this by-law, taken with the conceded state of the member's account with the defendant; but, as we construe the contract, as evidenced by the by-laws, the result reached by the justice is to be sustained. It is well settled that the words employed in by-laws, such as those governing the rights of these parties, are to be liberally construed, in favor of the beneficiary, so far as may be necessary to a determination of what was understood by the latter to be their meaning; and we are led irresistibly to the conclusion that the notice provided for by this particular by-law, as reasonably interpreted, was to precede the imposition of the penalty for suffering the indebtedness to continue. To say that the arrearage of three months' dues deprived the member of benefits, at once and at all events, and that the notice had exclusive application to the two months' indebtedness alone, would be, in effect, to withhold all meaning from the provision calling for the notice, since no penalty attached when the member was two months in arrears, and a notice of the fact would have no significance, and would be entirely unnecessary, if intended to operate upon that situation alone. The only office of such a notice was, clearly, to apprise the member of some significant fact; and it is solely by viewing the notice as an intended warning that meaning can possibly be given to the by-law in its entirety. It was shown, directly, that no written notice of his two months' indebtedness was sent to the plaintiff's husband; and, if it be said that an oral notification was permissible as a compliance with the by-law, there was evidence from which the justice could have found that none such was properly given.

The defendant attempted to prove by the testimony of the witness Lounsbery, who had acted as its "financial secretary" during the period in question, that a verbal notice had been given to the deceased by the witness personally, at the proper time; but the only notice thus shown, at about the time when the deceased was two months in arrears, was contained in the financial secretary's bare statement to him that he had better "square his account." This, certainly, was not such a notice of the facts of the indebtedness as the by-laws contem-

plated; and it would appear also, from the evidence, that the words used by the witness were not well to be taken as an official expression, but were employed in the course of a friendly conversation, and by way of advice. It follows that the judgment, so far as it is assailed upon this appeal, should not be disturbed.

Judgment affirmed, with costs. All concur.