(23 Misc. Rep. 142.)

ROBERTSON v. LOCAL UNION NO. 64, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA.

(Supreme Court, Appellate Term.   March 28, 1898.)

APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

> In an action to recover funeral benefits due to plaintiff, as the widow of
> one R., pursuant to defendant's constitution and by-laws, the only defense
> was that the deceased was three months in arrears at his death, and there-
> fore, under the by-laws, was not in good standing, and was debarred from
> all benefits.   It appeared by defendant's books that more than three months'
> dues were owing when the deceased died, but plaintiff testified, without
> direct contradiction, that these dues had in fact been subtracted by defend-
> ant from the sick benefits paid to the deceased during his last illness.   There
> was also other evidence tending to show defendant's recognition of the good
> standing of the deceased.   *Held* that, as there was evidence to support the
> finding of the justice in favor of plaintiff, his decision should not be dis-
> turbed.

Appeal from Eighth district court.

Action by Helen B. Robertson against Local Union No. 64, United
Brotherhood of Carpenters and Joiners of America.   Judgment for
plaintiff.   Defendant appeals.   Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-
GERICH, JJ.

Jacob Wolf, for plaintiff.

S. J. Cowen, for defendant.

GILDERSLEEVE, J.   The action is brought to recover the sum of
$200 for funeral benefits due to plaintiff, as widow of James Robert-
son, deceased, pursuant to the constitution and by-laws of the defend-
ant.   It is undisputed that, if deceased was in good standing at the
time of his death, the plaintiff was entitled, under the constitution and
by-laws of defendant, to recover.   Section 89 of the by-laws provides
that:

"When a member is indebted to his local union for any sum equal to two
months' dues, he shall be notified in writing by the financial secretary; and
when owing a sum equal to three months' dues he is not in good standing, and
is debarred from all benefits until three months after all his arrearages are paid
in full."

The monthly dues were 75 cents.   On the trial the defendant's
books were introduced without objection on the part of the plaintiff,
and showed that on March 31, 1897, plaintiff's husband owed de-
fendant $1.40; that on April 1, 1897, he owed the additional monthly

dues of 75 cents, and on May 1, 1897, the further additional monthly dues of 75 cents, making $2.90; but that on May 3, 1897, the husband paid 50 cents, which reduced his debt to $2.40,—a sum equal to more than three months' dues. On May 28th he died. Defendant therefore claims that he was not in good standing at the time of his death, and consequently, under the section above quoted, plaintiff should not recover. On plaintiff's side it is shown that her husband, or she on his behalf, received from defendant, during the illness of her husband, $5 a week during the first three months, and $3 a week during the last three months, as sick-benefit money, in accordance with the constitution and by-laws of defendant, but that on each occasion, when due, the defendant deducted from such payments the money owing by the husband to defendant for monthly dues, at the rate of 75 cents a month. Plaintiff swears:

"Q. They did not pay you $5, and then you return to them 75 cents, but they paid you $5 less 75 cents? A. Yes, sir. Q. Did you give them 75 cents sometimes? A. They always took it out themselves. Q. Did they tell you it was for dues? A. Yes, sir."

Plaintiff also swears that she opened her husband's mail during his illness, but received no notice from the defendant that he was in arrears, nor was she told so by any one. Defendant offers no evidence that any notice of the husband's being in arrears, even for two months' dues, was ever sent to him, as provided for in the above-quoted section. See Schafer v. United Brotherhood, 22 Misc. Rep. 363, 49 N. Y. Supp. 151. The defendant's secretary admits that deductions were made from the sick-benefit money paid at various times to plaintiff, but asserts that such deductions were duly credited, and that, in spite of such deductions, plaintiff's husband was indebted to defendant for monthly dues to the amount of $2.40 at the time of his death. On cross-examination, however, he admits that he was not present at the payments to plaintiff, and he does not seem to have had any definite personal knowledge as to whether the deductions were made or not. He further swears as follows, viz.:

"Q. How could he [deceased] have been in arrears, and the custom had been to take out the monthly dues, and yet these ten dollars were paid him [just before his death], and nothing taken out? How is it he could have been in arrears at that time? A. Can't the local pay as they see fit? Q. Was it not the custom to take it that way? A. If we make an appropriation for sick benefit, that is their business. Q. Is that the custom about deducting? A. Yes, sir. In this instance, to keep him square upon the books when he was taken sick, we gave him ten dollars right straight."

The learned trial justice, who could observe the demeanor of the witnesses on the stand, was in a better position to judge which of the parties spoke the truth, and of the weight to be given to the evidence, than we are. See Simon v. Simon, 6 App. Div. 469, 470, 39 N. Y. Supp. 573. To further support plaintiff's side, the evidence of deceased's son, and plaintiff's Exhibit 1, show that the president of defendant, after the death of Robertson, signed a guaranty of payment of deceased's funeral expenses on the part of defendant, and added the words, "Late brother in full benefit." Upon the conflict of evidence, the learned justice decided in favor of the plaintiff; and, as

there is evidence to support this finding, his decision will not be disturbed. See Cotes v. Cotes (Sup.) 47 N. Y. Supp. 922; Hardegg v. Willards, 12 Misc. Rep. 18, 33 N. Y. Supp. 25; Patterson Gas Governor Co. v. Lichtenstein Bros. Co., 9 Misc. Rep. 126, 29 N. Y. Supp. 279; Hullar v. Wynne, 16 Misc. Rep. 580, 38 N. Y. Supp. 700; Knapp v. Barclay (Com. Pl.) 7 N. Y. Supp. 765.

So far as the point urged by appellant, that the complaint should have been dismissed at the close of plaintiff's direct case on the ground that she had not proved the deceased to be in good standing, is concerned, we may say that, inasmuch as the construction and deductions most favorable to plaintiff were to be allowed on such a motion, there was no error in this ruling of the learned trial justice.

It follows that the judgment, so far as it is assailed on this appeal, should not be disturbed. Judgment affirmed, with costs. All concur.