Edward Goodell, J.
The issues raised by motions during the course of the trial of this action by the court without a jury concern a proposed amendment of the plaintiffs’ bill of particulars and the rule relative to the exchange of medical information.
The plaintiff was injured on March 9, 1969 as the result of a collision between the automobile in which she was a passenger and a taxicab.
Liability is conceded by the defendants. The only issue submitted for trial is the matter of damage. The background relative to that subject is this:
The plaintiff’s bill of particulars, dated July 29, 1969, alleges that one of the injuries sustained by the plaintiff was a ‘1 contusion and sprain of the back evidenced by pain upon certain motions of the back, especially-on bending or on prolonged standing.” The bill of particulars was verified by the plaintiff’s attorney and served while the plaintiff was visiting her family in Ireland.
Prior to her departure for Ireland the plaintiff was treated by Dr. Walter Salmore who made the diagnosis of her injury stated in the bill of particulars.
On September 21,1969, following her return from Ireland the plaintiff was admitted to Misericordia Hospital because of back pain with radiation into her left leg. She was confined to that hospital from September 21, 1969 to October 5, 1969 and was discharged with a final diagnosis of “ lumbar radiculitis, secondary to herniated disc.”
A proposed amended bill was served upon the defendants’ attorney on September 18,1970. In addition to the alleged back injury stated in the original bill of particulars the proposed amended bill included in part the claim of “ lumbar radiculitis ” — ‘ ‘ secondary to a herniated lumbar disc necessitating the plaintiff, Elizabeth Power to wear a low back brace and to go on intermittent bed rest because of the severe pain.”
In June, 1970, a little less than three months prior to the service of the proposed amended bill of particulars, the plaintiff had made a motion to remove the action from the Civil Court to the Supreme Court on the ground that her back condition had been diagnosed at Misericordia Hospital as ‘ ‘ lumbar radiculitis, secondary to herniated lumbar disc.” It was also stated in the moving affidavits that it was only when the action came on for trial in this court at the end of April, 1970 that the plaintiff advised her attorneys of her confinement to Misericordia Hospital and of the diagnosis there made.
Attached to the moving papers in the Supreme Court motion were a copy of the Misericordia Hospital report and an affidavit *132 of Dr. Joseph C. Polifrone, a specialist in neurology and neurological surgery, stating that the plaintiff ‘ ‘ was admitted to the Neurological Service at Misericordia Hospital under my care, that the diagnosis was that the patient had a lumbar radiculitis, secondary to trauma ” and that “ Diagnosis at the present time is that the patient has a lumbar radiculitis, probably secondary to a herniated lumbar disc which was due to the accident described above. ”
The motion to remove the action to the Supreme Court was denied and the action came on for trial before me on October 29, 1970.
The defendant’s attorney moved to preclude the plaintiff from offering evidence as to any injuries other than those specified in her original bill of particulars, primarily on the ground that plaintiff failed to comply with rule 660.11 of the Rules of the Supreme Court, Bronx and New York Counties (22 NYCRR 660.11). I denied that motion, permitted the introduction into evidence of the Misericordia Hospital record and allowed Dr. Salmore, the treating physician prior to the plaintiff’s admission to Misericordia Hospital, to testify that there was a causal relation between the back injury stated in the original bill of particulars and the back injury stated in the proposed amended bill of particulars. However, I continued the trial to November 30 for the purpose of enabling the defendant to have a physical examination made of the plaintiff if he so desired and impounded the record of Misericordia Hospital to permit further study to be made of it by the defendant. The defendant’s attorney also moved for a mistrial on the- ground that the defendant had been prejudiced by the denial of his motion and the admission of the record of Misericordia Hospital.
I have since received copies of the affidavits submitted by the plaintiff in connection with the Supreme Court motion and the affirmation of the defendants’ attorney in which he informs the court that the papers served upon him in connection with that motion did not include a copy of the Misericordia Hospital record, but did include a copy of the affidavit of Dr. Polifrone that was part of the application to the Supreme Court.
Two motions, in substance, are before me. One is the plaintiff’s motion to conform the pleadings to the proof, in effect an application that the court give consideration in its ultimate decision to the Misericordia Hospital record and the testimony of Dr. Salmore. The other is the defendant’s opposing and opposite motion, in effect an application to exclude the Misericordia Hospital report and to strike out the testimony of Dr. Salmore.
1. Insofar as the plaintiff’s motion to conform the pleadings *133 to the proof is concerned, the cases indicate that it is established practice to grant such motions in the court’s discretion at any time including the time of trial if the opposing party is not thereby surprised or prejudiced. (See Howe v. State of New York, 33 Misc 2d 147 ; Savio v. Savio, 46 N. Y. S. 2d 751 ; Force v. Tracy Towing Lines, 190 Misc. 446 ; Rudolph Bass, Inc. v. Thomas Ind., 25 Misc 2d 430 ; Shafer v. United Brotherhood of Carpenters, 22 Misc. 363.)
In the present case it is my view that the defendants suffered neither surprise nor prejudice by the permission to amend since the defendants had been advised a reasonable time in advance of the trial of the substance as well as the form of the proposed amendment.
2. The admissibility of the Misericordia Hospital record raises the issue of compliance with rule 660.11 (initially numbered rule XII) regarding the “ Exchange of Medical Information.”
The practical question is whether the plaintiff should or should not be barred from offering proof that in addition to the back injury initially specified in her bill of particulars she also suffered lumbar radiculitis secondary to a herniated disc.
Without prejudging this issue it is not inappropriate to observe that such a development is a medical possibility and that it is, of course, a material issue of fact in the case. The problem facing the Trial Judge at the moment that the objection to admissibility is made is to determine which of the parties would be prejudiced by a ruling since obviously surprise is not an element here.
Subdivision (g) of rule 660.11 provides in part that “ In the event the party examined intends at the trial to offer evidence of further or additional injuries or conditions, nonexistent or not known to exist at the time of service of the original medical reports such party shall, within 30 days after the discovery thereof, and not later than 30 days before trial, serve upon all parties a supplemental medical report complying with the requirements of paragraph (1) of subdivision (b), and shall specify a time not more than 10 days thereafter and a place at which a further examination may be had. Further authorization to examine and make copies of additional hospital records, other records, X-ray or other technicians ’ reports as provided in paragraph (2) of subdivision (b) must also be delivered with the medical reports.”
Subdivision (h) provides in part that ‘ ‘ Unless an order to the contrary is made or unless the justice presiding at the trial in the interests of justice and upon a showing of good cause shall hold otherwise, the party seeking to recover damages shall be *134 precluded at the trial from offering in evidence any part of the hospital records and all other records including autopsy or postmortem records, x-ray reports or reports of other technicians not made available pursuant to this rule ’ ’.
In my view the Misericordia Hospital records, with the exceptions hereafter noted, should be admitted “ in the interest of justice.”
I reach this conclusion on the basis of the disclosure of facts in the Supreme Court motion. The supporting papers on that motion included the Misericordia Hospital report and the affidavit of Dr. Polifrone.
In the broad picture of reaching a result that is equitable the route by which disclosure was made should not be the critical test of admissibility if disclosure was in fact made. Dedication to rigid formality is not the purpose sought to be achieved by the rule; but, as said by Judge Boteix in Padilla v. Damascus (16 A D 2d 71, 73, affd. 12 N Y 2d 1059), “ the aim of rule XII is true pretrial discovery — that each party should know as much about the other’s claim as is fairly and appropriately possible.”
I have not overlooked the fact, stated by counsel for the defendants, that a copy of the Misericordia Hospital record was not attached to the copies of the moving papers served upon him in the Supreme Court motion. Nevertheless, he has informed me by his affirmation that Dr. Polifrone’s affidavit was attached to the copies of the motion papers that he did receive.
That affidavit is a statement of the examination, treatment and diagnosis reflected in the hospital report. It furnishes the essential information disclosed in the hospital report. It apprises the defendants of the plaintiff’s claim and enables them to prepare to meet the issue raised by the claim. To paraphrase the language of the court in the Padilla case (supra) it delineates and reveals the boundaries of the claim.
In view of this it is my opinion that the defendants have not been prejudiced and that this is an appropriate case for the exercise of discretion on the part of the ‘ ‘ justice presiding at the trial in the interests of justice ’ ’ as stated in subdivision (h) of rule 660.11.
To the extent, therefore, that the sworn statement of Dr. Polifrone correctly reflects the information set forth in the hospital record, the latter should be admitted.
Based on my examination of the hospital record it is my conclusion that except for the X-ray pictures, the ‘ ‘ Report of x-ray findings ” and the “ Laboratory Reports ”, the balance of the hospital record is admissible.
*135 This conclusion should not he construed as approval of departure from compliance with the requirements of rule 660.11. On the contrary it is reached here solely on the basis of the special and unusual circumstances of this case. Plaintiff’s counsel created a problem that could have been avoided by careful adherence to the rule.
On the other hand it should be said that in the event of an obvious oversight such as the one that occurred in this case, namely the failure to attach a copy of the hospital report to the copies of the moving papers served upon the defendants’ counsel in the Supreme Court motion, it is undesirable to wait until the day of trial to point out the omission. While it is true that the rale places the burden of compliance upon the plaintiff in this situation, it is also true that subdivision (j) of rule 660.11 provides that1‘ any party may move to compel compliance " * * with this rule or any provision thereof ”.
It seems to me that in doubtful cases counsel should proceed on the basis of subdivision (j) to compel compliance rather than to present the problem to the court at the time of trial. Bule 660.11, I suggest, should not be regarded as descriptive of a game but as a method designed to narrow issues, avoid surprise and dispose of cases on the merits. When, as here, the omission is an apparent oversight the court is not disposed to predicate essential rights upon the inadvertent mistake of counsel.
Accordingly, the motions before me are disposed of as follows •.
1. The plaintiff’s motion to conform the pleadings to the proof is granted.
2. The defendants’ motion to preclude the plaintiff from offering evidence as to any injuries other than those specified in the plaintiff’s original bill of particulars is granted to the extent of excluding the X-ray pictures taken at Misericordia Hospital and the Misericordia Hospital “ Report of X-ray Findings,” and “ Laboratory Reports ” and in all other respects is denied.
3. The defendants ’ motion for a mistrial is denied.
4. The defendants, at their option, may, on not less than three days ’ notice prior to the date of trial, fix the time and place for the physical examination of the plaintiff by a physician designated by the defendants.
5. The defendants, at their option, may, on not less than five days ’ notice prior to the date of trial, examine the plaintiff with respect to the injuries set forth in the “ proposed amended bill of particulars ” and not included in the original bill of particulars.
*136 6. Defendants, at their option, may examine the Misericordia Hospital X-ray pictures, “ Reports of X-ray Findings” and “ Laboratory Reports ” now in the possession of the court.