Manufacturers and Dealers Motor Underwriters, Inc., Appellant, v. Fire Brokers' Association of the City of New York, Inc., and Others, Respondents.

First Department, March 7, 1919.

Pleading — bill of particulars — reservation of right to show additional facts when information thereof obtained — method of precluding proof where order contains such provision — reservation of right to show additional facts at trial — reference in bill to prior examinations of defendants before trial — reference to official reports of State containing particulars demanded.

Where particulars are sought which call for items as to which at the time the party, against whom the motion is directed, has not sufficient information to enable him to make full compliance, but may reasonably anticipate obtaining the information before trial, he may safeguard his rights by a provision in the order that in lieu of giving such particulars it shall be sufficient to furnish a statement under oath of lack of knowledge and information. Such a provision will ordinarily be made where good faith and diligence are shown.

Where an order contains such a provision, in order to preclude proof, a motion to preclude should be made, upon which motion the court can readily safeguard the rights of both parties by fixing a reasonable time before trial for furnishing the particulars on penalty of preclusion, or, in a proper case, deny the motion to preclude. But to permit the party required to serve a bill of particulars to reserve the right at the trial to show additional facts, if and when the information thereof is obtained, would frustrate the very purpose of requiring a bill to be served and, hence, would render it defective.

A plaintiff who has examined several of the defendants before trial should not be allowed to state in his bill of particulars that " the particulars requested are set forth in the aforesaid examinations of the defendants," as this gives the defendants no particulars of plaintiff's precise claims but simply notifies them where they may look for information concerning said claims.

A bill of particulars is for the aid of the court as well as for the parties, and upon a trial the court should not be compelled to read and analyze protracted examinations of parties before trial in order to define the plaintiff's claims or to enable it to pass upon objections to proffered evidence contended to be beyond the scope of a bill of particulars.

Where an underwriters' association in an action against a fire brokers' association alleges that the defendants distributed notices to all insurance agents, brokers and members of the defendants' association and to numerous other insurance agents and brokers throughout the United States, requesting their co-operation in an alleged conspiracy to destroy the plaintiff's business, a demand by the defendants for a statement in detail of the insurance agents and brokers to whom it is alleged the defendants sent the notices, is sufficiently complied with by reference to the report of the Department of Insurance of the State of New York, where it appears that the names of the members of the defendants' association and the agents listed in the State report are either known to the defendants or readily available, and that they number thousands. To require the plaintiff to enumerate each of said agents and brokers with respect to each of several subdivisions of a number of demands would serve no purpose except to subject the plaintiff to annoyance and expense, and would be a plain abuse of the right to a bill of particulars.

Appeal by the plaintiff, Manufacturers and Dealers Motor Underwriters, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of January, 1919, requiring it to furnish a further bill of particulars.

*Charles Thaddeus Terry* of counsel [*Merrill, Rogers & Terry,* attorneys], for the appellant.

*Almet Reed Latson* of counsel [*Latson & Tamblyn,* attorneys], for the respondents.

Shearn, J.:

The plaintiff was organized for the purpose of carrying on the business of insurance agents, brokers and adjusters for all classes of insurance but especially for procuring owners

and users of motor vehicles and motor boats insurance against liability and loss by fire, accident and otherwise under a plan alleged to be novel and such as to enable the plaintiff to write insurance at less expense than previously possible under the methods followed by insurance brokers and agents generally. It is further alleged that plaintiff secured agreements with the United States Casualty Company and with the Fidelity Underwriters for the writing of such insurance and at a large expense built up a good will worth $300,000. It is alleged that the defendant Fire Brokers' Association and the individual defendants conspired to destroy plaintiff's business and, as a part of defendants' scheme and conspiracy and to effectuate the purpose, distributed to all insurance agents and brokers who were members of the defendant Fire Brokers' Association and to numerous other insurance agents and brokers throughout the United States notices requesting their co-operation in the conspiracy; that defendants circulated false, unfair and misleading statements with regard to the business methods of the plaintiff among such agents, brokers and associations, as a result of which many of them protested to the Fidelity Underwriters and the United States Casualty Company against the business methods of the plaintiff and urged such companies to cancel and terminate their respective agreements with the plaintiff; that the defendants made threats to the Fidelity Underwriters and the United States Casualty Company that unless said companies would cancel their agreements with the plaintiff and refuse to have further business dealings with the plaintiff, the defendants would cease to do business with said companies; that pursuant to said threats and protests the Fidelity Underwriters canceled its agreement with the plaintiff and the plaintiff was obliged to terminate its agreement with the United States Casualty Company; that the defendants threatened other insurance companies that if they entered into agreements with the plaintiff the defendants would cause injury to the reputation and would destroy the business of such other companies; and that by reason thereof plaintiff was unable to enter into agreements with other companies, in consequence of all of which the plaintiff's business has been destroyed, to its damage in the amount of $350,000. In pursuance of a demand for

a bill of particulars, the plaintiff served a bill giving the defendants very full information with respect to many of the allegations in the complaint. It coupled with various items the reservation substantially as follows: "Plaintiff reserves the right at the trial to show additional facts if and when the information thereof is obtained." One paragraph of the order appealed from is a requirement for the service of a bill of particulars without any such reservation. In this respect the order is right. Where particulars are sought which call for items as to which at the time the party, against whom the motion is directed, has not sufficient information to enable him to make full compliance, but may reasonably anticipate obtaining the information before trial, he may safeguard his rights by a provision in the order that in lieu of giving such particulars it shall be sufficient to furnish a statement under oath of lack of knowledge and information. Such a provision will ordinarily be made where good faith and diligence are shown. Where an order contains such a provision, in order to preclude proof, a motion to preclude should be made, upon which motion the court can readily safeguard the rights of both parties by fixing a reasonable time before trial for furnishing the particulars on penalty of preclusion, or, in a proper case, deny the motion to preclude. But to permit the party required to serve a bill of particulars to "reserve the right" to make other and further claims upon the trial would frustrate the very purpose of requiring a bill to be served.

The bill was further defective. It appears that the plaintiff has examined several of the defendants before trial. In several items of the bill, instead of stating the particulars required, the plaintiff has simply said: "The particulars requested are set forth in the aforesaid examinations of the defendants." This practice cannot be approved. It gives the defendants no particulars of plaintiff's precise claims but simply notifies the defendants where they may look for information concerning plaintiff's claims. A bill of particulars is for the aid of the court as well as for the parties, and upon a trial the court should not be compelled to read and analyze protracted examinations of parties before trial in order to define the plaintiff's claims or to enable it to pass

upon objections to proffered evidence contended to be beyond the scope of a bill of particulars.

Some of the particulars, required, however, call for such details and specifications as to indicate an attempt to harass and unduly embarrass the plaintiff. For example, paragraph 16 of the complaint alleges that the defendants distributed notices to all insurance agents, brokers and members of the defendant Fire Brokers' Association and to numerous other insurance agents and brokers throughout the United States requesting their co-operation in the alleged conspiracy. The demand as to the paragraph calls for:

" (a) A statement in detail of the insurance agents and brokers to whom it is alleged the defendant sent the notices therein referred to.

" (b) A description of each notice alleged to have been sent sufficient to enable identification thereof, with a statement to whom each of such notices is alleged to have been sent.

" (c) A statement identifying those particular defendants by whom it is alleged each of such notices was sent and to whom the same was sent by each defendant so identified."

In answer to this demand, the plaintiff stated in part as follows: " All members of the defendant Fire Brokers' Association. All the insurance agents and brokers whose names are listed in the report of the Department of Insurance of the State of New York for the year 1913." Obviously the names of the members of the Fire Brokers' Association and the agents listed in the State official report are either known to the defendants or readily available. It appears that they number thousands. Plaintiff's claim is clearly specified that the notice was sent generally throughout the trade and to all embraced in the membership of said association and in said official report. To require the plaintiff to enumerate each of these individuals would serve no purpose whatever except to subject the plaintiff to annoyance and expense and unduly incumber the record. Not only is this required to be done once, but with respect to each of the several subdivisions of a number of demands. Such an unreasonable requirement, serving no good purpose, is to my mind a plain abuse of the right to a bill of particulars.

The order should be modified by requiring the plaintiff to serve, within ten days from the date of the service of the order entered upon this decision, a verified bill of particulars, setting forth as to paragraphs 16, 17, 18, 19, 20, 21 and 22 of the complaint, the particulars called for in the written demand, providing, however, that in each case where the agents and brokers referred to in the complaint comprise " all members of the defendant Fire Brokers' Association " or " all the insurance agents and brokers whose names are listed in the report of the Department of Insurance of the State of New York for the year 1913 " it shall be sufficient so to state without giving the individual names of such agents and brokers, and further providing that as to the names of persons, firms or corporations referred to in the complaint and in the bill of particulars as to which plaintiff has no present information it shall be sufficient for the plaintiff to furnish in lieu of their names a statement under oath of lack of knowledge.

The order, as modified, is affirmed, without costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order modified as indicated in opinion and as so modified affirmed, without costs. Order to be settled on notice.