LOUIS N. HARTOG, Doing Business under the Trade Name and Style of NORTH KENSINGTON REFINERY, Respondent, *v.* JOHN D. LEWIS, Appellant.

First Department, April 7, 1922.

**Pleadings — bill of particulars — bill served failed to comply with order — facts clearly obtainable not given — no statement of facts under oath showing inability to obtain particulars omitted.**

A plaintiff's bill of particulars fails to comply with the order granting it, where it omits certain particulars which, in view of admissions contained in the bill, were clearly within his power to furnish and where there is no statement of facts under oath showing his inability to furnish the particulars directed.

APPEAL by the defendant, John D. Lewis, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of November, 1921, denying defendant's motion for an order precluding plaintiff from giving evidence or in the alternative directing him to give a further bill of particulars.

*Morgan, Carr & Baiter* [*Townsend Morgan* of counsel], for the appellant.

*Max D. Steuer* [*Irving D. Lipkowitz* of counsel], for the respondent.

GREENBAUM, J.:

The various so-called bills of particulars served by the plaintiff in ostensible compliance with the orders of the court, failed to comply with their terms. The papers served as bill of particulars contained a statement that the glucose was tested " within from a day to a week after it had arrived in New York;" that " the tests were made personally by the plaintiff and men engaged by him " and that " the analyses were made by chemical laboratories." From these admissions it would seem that the plaintiff was in a position to furnish particulars, if not precise, yet approximate of the dates of the invoices or shipments which contained syrup which did not conform to the alleged warranty of sale and to state the number of barrels in each shipment or invoice containing objectionable syrup and also to state how many barrels in each of the objectionable shipments contained " foreign matter and  *  *  * fermentable substances."

Presumably if tests and analyses were made after each shipment, there are records in the possession or control of the plaintiff or procurable by him which should enable him to give the dates of the examinations and tests and to state how many barrels of syrup in each shipment were found to be not as warranted and the nature of the defects complained of.

The bills served are open to the further criticism that the plaintiff fails to state under oath facts showing his inability to obtain and furnish the particulars directed. A statement that " other than that above set forth plaintiff has no knowledge or information with which to furnish the particulars referred to in the said order and therefore is unable to furnish or obtain the same except as herein set forth " does not necessarily indicate an inability to procure the particulars ordered by the court.

There is no alternative but to reverse the order denying defendant's motion to preclude, with ten dollars costs and disbursements, and to grant the motion, with leave to plaintiff to serve a further bill of particulars in compliance with the orders of the court within fifteen days after service upon the respondent's attorney of a copy of the order to be entered herein and with leave, in the event that plaintiff has served a proper bill, to move to be relieved from the order of preclusion of this court.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to preclude granted, with leave to plaintiff to serve a further bill of particulars in compliance with the orders of the court, and with leave, in the event that plaintiff has served a proper bill, to move to be relieved from the order of preclusion of this court.