JAMES D. HAINES, Appellant, *v.* THE CITY OF NEWBURGH, Defendant, Impleaded with CENTRAL HUDSON GAS AND ELECTRIC CORPORATION, Respondent.

Second Department, January 29, 1932.

*Henry Hirschberg*, for the appellant.

*R. L. von Bernuth* [*M. S. Lockhart* and *D. L. Bugg* with him on the brief], for the respondent.

PER CURIAM. It is alleged in the complaint, *inter alia*, that while the wife of plaintiff was on the public highway in Newburgh there occurred a series of explosions of great violence through and along the sewer and drainage system on the street and the premises adjacent thereto, whereby the wife was greatly injured. This, it is alleged, occurred through the negligence of defendant Central Hudson Gas and Electric Corporation (concurrently with that of the city) in allowing gas to escape from its mains through the ground into the sewer system; and that a similar series of explosions occurring at an earlier date had given notice to said defendant of the dangerous condition there existing, which it had neglected to remedy.

This defendant has moved for and obtained a bill of particulars requiring plaintiff, among other things, to give in detail the acts of negligence, failure to inspect, the dangerous condition and notice thereof — all this unless plaintiff will stipulate to rely only upon the doctrine of *res ipsa loquitur*.

We think discussion is unnecessary. The defendant is in control of its entire gas system and is undoubtedly possessed of such knowledge as exists concerning the subject of controversy without reliance upon information to be furnished by a victim of the accident who was a casual passerby on the highway. We doubt the sincerity of the motion and feel certain that information is unnecessary to protect any of the rights of the defendant. The doctrine of *res ipsa loquitur*, which may be invoked here only after certain preliminary proof is made, pertains chiefly to the order of proof. Plaintiff should not be limited in the proof he may wish to offer on the trial by conditions such as were attached to the order.

The order, in so far as appealed from, should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion in that respect denied, with ten dollars costs.

LAZANSKY, P. J., KAPPER, SCUDDER, TOMPKINS and DAVIS, JJ., concur.

Order granting motion of defendant Central Hudson Gas and Electric Corporation for a bill of particulars, in so far as appealed from, reversed on the law and the facts, with ten dollars costs and disbursements, and motion in that respect denied, with ten dollars costs.