PARLOR REALTY & CONSTRUCTION CO., INC., Respondent, v. EMIL P. KRASPER and ALMA KRASPER, Defendants; THOMAS LAWRENCE, a Lessee of Defendants, Appellant.— Order denying appellant's motion to vacate or modify original injunction judgment so far as it affects him affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Davis, Johnston, Adel and Close, JJ., concur.

THE POPSICLE CORPORATION OF THE UNITED STATES and JOE LOWE CORPORATION, Respondents, v. ESKIMO PIE CORPORATION and NEW YORK ESKIMO PIE CORPORATION, Appellants.— On appeal from so much of an order denying defendants' motion to dismiss the complaint as denied defendants' application to dismiss the complaint as against New York Eskimo Pie Corporation for insufficiency, order affirmed, with ten dollars costs and disbursements; answer to be served within ten days from the entry of the order hereon. Appeal from decision dismissed; an appeal does not lie. No opinion. Hagarty, Davis, Johnston and Taylor, JJ., concur; Lazansky, P. J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULES SPIEGEL, Appellant, v. LEWIS E. LAWES, as Warden of Sing Sing Prison, Ossining, N. Y., Respondent.— Order dismissing writ of habeas corpus affirmed. No opinion. Hagarty, Davis, Johnston and Taylor, JJ., concur; Lazansky, P. J., not voting.

SANI-PORCELAIN ENAMEL PRODUCTS, INC., Appellant, v. BENDER STORE FIXTURE CO., INC., Defendant, and LEON DELBICK, Respondent.— This is a consolidated action wherein appellant seeks to set aside a chattel mortgage made by defendant Bender Store Fixture Co., Inc., to respondent Delbick, and the latter seeks to foreclose the chattel mortgage and secure a personal judgment against appellant and the Bender Company. The Bender Company defaulted. Appellant, a judgment creditor, purchased the chattels at a marshal's sale subject to the Delbick mortgage. The court dismissed appellant's complaint and awarded judgment to Delbick against appellant for $900, the amount of the mortgage, in lieu of foreclosure. Judgment modified by striking out the provision for a money judgment and directing that Delbick have judgment of foreclosure against appellant, and as so modified unanimously affirmed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. While the evidence supports the finding that the mortgage was valid, there is no basis for awarding a money judgment. The chattels, with the exception of two which appellant has loaned to one Simon, are in the actual possession of appellant, and these two are presently available and, therefore, they are not beyond Delbick's reach so as to interfere with or destroy the lien of his mortgage. Under these circumstances it was error to award respondent a money judgment. (*Manning* v. *Monaghan*, 23 N. Y. 539, 548; *Norton* v. *Shields*, 174 App. Div. 804.) Present — Hagarty, Johnston, Adel and Taylor, JJ.; Lazansky, P. J., not voting. Settle order on notice.