WILLIAM ADAMS DELANO and Another, Copartners Doing Business under the Firm Name of DELANO & ALDRICH, Respondents, v. CENTRAL HANOVER BANK AND TRUST COMPANY, Appellant, Impleaded with CENTRAL HANOVER BANK AND TRUST COMPANY and Another, as Trustees under Agreement Dated March 4, 1930, between EDWARD RICHARDSON SENN and CENTRAL HANOVER BANK AND TRUST COMPANY and Another, and Others, Defendants.

First Department, October 29, 1937.

*Albert Stickney* of counsel [*Francis S. Bensel* and *W. Frederick Knecht* with him on the brief; *Larkin, Rathbone & Perry*, attorneys], for the appellant.

*Benjamin E. Messler* of counsel [*Parsons, Closson & McIlvaine*, attorneys], for the respondents.

PER CURIAM. Defendant bank appeals from an order denying its motion to preclude plaintiffs from giving evidence as to certain matters as to which defendant alleges plaintiffs have failed to furnish particulars directed by prior orders at Special Term. Plaintiffs claim that they are unable to furnish the additional particulars until the completion of an examination before trial heretofore ordered of defendant appellant.

The action was originally noticed for trial for February, 1935, and in the ordinary course could have been reached, tried and disposed of a year and a half ago. Four orders of Special Term have already been made in respect to this bill of particulars, the original order of August 27, 1935, having been affirmed by this court. (246 App. Div. 580.) It is now four years since plaintiffs first asserted a claim, and by this time the examination should have been completed and all the information acquired sufficient to inform defendant as to the particulars of plaintiffs' claim. An examination of the record shows a plausible excuse for a considerable portion of the delay in completing the examination of the defendant. That reason, however, no longer exists, and there is nothing but dilatory practice to prevent completion of the examination and furnishing the supplemental bill. The record further shows that certain items of the particulars sought are necessarily within plaintiffs' control and that the examination will not assist plaintiffs in furnishing such items. Defendant also objects to the use by plaintiffs of what it terms " hedging " clauses and mere generalizations in numerous items of the bill already furnished.

After a careful examination of the entire record, we cannot say that Special Term, in view of all the facts and circumstances disclosed, abused its discretion in not entering the order of preclusion sought, but in the interest of substantial justice to both parties the order appealed from should be modified as follows:

1. Plaintiffs shall within five days from the entry of the order herein furnish (a) the particulars demanded in paragraph 4, subdivision c, of the notice of motion dated August 12, 1935, and directed by the order of August 27, 1935, specifically stating, as to each check listed in schedule 2 of the original bill, which of the several indorsements on said check it is claimed are forged and which of such indorsements it is claimed are unauthorized; and (b) the names of the person or persons, in addition to Carl F. Grieshaber and Edward R. Senn, who conveyed on plaintiffs' behalf information to defendant, as alleged in paragraph eighth of the complaint.

2. Both sides shall diligently proceed with the examination heretofore ordered, and such examination shall be completed on or before December 10, 1937, and within ten days of such completion plaintiffs shall furnish a supplemental bill giving such additional particulars heretofore ordered as may be adduced in the course of the examination.

3. Plaintiffs shall delete from the supplemental bill to be furnished the generalizations contained in items of the bill as furnished, and in place thereof supply the particulars directed to be furnished by

the order of August 27, 1935, as more particularly specified in the order to be settled on notice herein.

Except as modified, the order appealed from should be affirmed, without costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and COHN, JJ.

Order unanimously modified as indicated in opinion, and as so modified affirmed, without costs. Settle order on notice.