KATHRIN GRANT O'LEARY and Another v. DEFOREST GRANT, Individually, etc., and Others, and EMILY BRINTON GRANT.— Motion for leave to appeal to the Court of Appeals granted. [See 261 App. Div. 1065; 262 id. 727.] Present — Martin, P. J., Untermyer, Dore, Cohn and Callahan, JJ.

KATHRIN GRANT O'LEARY and Another v. DEFOREST GRANT, Individually, etc., and Others, and EMILY BRINTON GRANT.— Motion for leave to appeal to the Court of Appeals granted. [See 261 App. Div. 1065; 262 id. 728.] Present — Martin, P. J., Untermyer, Dore, Cohn and Callahan, JJ.

KATHRIN GRANT O'LEARY and Another v. DEFOREST GRANT, Individually, etc., and Others, and EMILY BRINTON GRANT.— Motion for leave to appeal to the Court of Appeals granted. [See 261 App. Div. 1065; 262 id. 728.] Present — Martin, P. J., Untermyer, Dore, Cohn and Callahan, JJ.

## SECOND DEPARTMENT, JANUARY, 1942.
### (January 5, 1942.)

YETTA MELTZER, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ.

HARRY A. ABRAMSON, Respondent, v. TILLIE HELD and Others, Appellants, and Others, Defendants.— In an action brought to recover a money judgment for the amount due and unpaid under a chattel mortgage, and for other equitable relief, order granting plaintiff's motion for leave to enter judgment against appellants on default, and denying appellants' cross-motion to vacate their default and for leave to answer, reversed on the law, without costs, plaintiff's motion denied, without costs, and appellants' cross-motion granted, with leave to serve their answer within ten days from the entry of the order hereon upon the payment of twenty-five dollars costs; otherwise, order affirmed, with ten dollars costs and disbursements. There is evidence in the record, at least sufficient to raise an issue, as to whether some of the mortgaged chattels have been placed beyond the plaintiff's reach. Under these circumstances, the plaintiff would not be entitled to a money judgment. (*Sani-Porcelain Enamel Products, Inc.*, v. *Bender Store Fixture Co., Inc.*, 251 App. Div. 726; *Swift & Co., Inc.*, v. *Cohen*, 256 id. 996.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

FRANK S. ARGUIMBAU, Respondent, v. ANETA ALLYN ARGUIMBAU, Appellant.— Order granting in part and denying in part motion by the defendant to frame issues to be tried by a jury affirmed, without costs. Order denying in part and granting in part motion by the plaintiff for a bill of particulars modified on the law by striking therefrom all matter following the word " granted," appearing in the second ordering paragraph, and inserting in place thereof the following: " to the extent of directing that the defendant serve upon the plaintiff a verified bill of particulars setting forth the approximate date or dates when, and the precise address or location of the places where, plaintiff is alleged to have committed adultery as alleged in paragraph Tenth of the amended answer, and the approximate time of the day when said acts were committed." As so modified the order is affirmed, without costs. The bill of particulars, to the extent herein indicated, is to be served within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.