Per Curiam.

Plaintiff claims to have installed certain equipment for the purpose of submetering electricity in a building owned by defendant East River Savings Bank and afterwards sold by it to the other defendants. The action is brought to recover the value of this equipment against defendants Brodsky and Smith who are alleged to have taken possession thereof as the present owners of the building and to recover damages against all of the defendants for the anticipatory breach of the contract pursuant to which plaintiff alleges that he installed said equipment and whereby he was to have derived a profit from the resale of electricity to the tenants in the building during the term of the contract and for a renewal period. The contract is alleged to have been signed on behalf of defendant East River Savings Bank by Joseph G-. White and a renewal by the J. Gr. White Realty Corporation. The bank disclaims their authority to act for it.
Defendant East River Savings Bank served a demand for a bill of particulars of plaintiff’s claim, which plaintiff moved unsuccessfully to have vacated or modified. No appeal was taken from the order on said motion. Plaintiff served a bill of particulars ostensibly complying with this demand. The order appealed from by plaintiff which is now before this court grants a motion by defendant bank to preclude plaintiff from offering testimony at the trial in respect to certain items of the demand with which it is contended that the bill of particulars *58 failed to comply. The order of preclusion permits plaintiff to servo a supplemental bill within twenty days containing the following proviso: “If plaintiff does not have the information sought, he should so state under oath. In such event, plaintiff will be precluded from offering any evidence as to the items he claims to lack knowledge of, unless upon ascertaining the information sought, he obtain permission of this court to serve a further bill.’,
Since many of the items complained of relate to information in the possession of the bank, such as the authority of the persons who assumed to act for it in signing the contract, plaintiff properly stated in the bill of particulars served that he is not in possession of the information sought. Where a party is unable to obtain the necessary information at the time when a bill is required to be served but there is reasonable prospect that he will be able to do so before the trial, such a statement has often been recognized as a sufficient substitute for such information (Losie v. Royal Indemnity Co., 179 App. Div. 439; Ferris v. Brooklyn Heights R. R. Co., 116 App. Div. 892; Ziadi v. Interurban Street Ry. Co., 97 App. Div. 137; Manufacturers & Dealers Motor Underwriters, Inc., v. Fire Brokers’ Association, Inc., 186 App. Div. 762; Delano v. Central Hanover Bank & Trust Co., 252 App. Div. 290; Parker-Lauer Realty Co., Inc., v. Long Island R. R. Co., 263 App. Div. 955). Otherwise meritorious claims might be defeated through preclusion orders calling upon plaintiffs prematurely to specify information in the possession of defendants which later may be elicited by examination before trial, or, where such examinations cannot be had, by calling adverse parties or their employees as hostile witnesses at the trial.
In this action plaintiff has examined the bank before trial through its vice-president, Lester Van Brunt, who testified that he was not familiar with these transactions and that the bank employee who had chiefly to do with them was one Valentine J. Brennan then in the armed forces of the United States. Plaintiff subsequently moved to examine Valentine J. Brennan after his discharge from the service but that motion was denied at Special Term by an order which has recently, been reversed on appeal. There is reasonable ground to believe that as a result of such examination plaintiff will be enabled to supply particulars respecting conduct of the bank which the previous bill necessarily omitted to specify.
*59 Special Term should not have precluded plaintiff in advance from offering evidence as to items concerning which he claims in good faith to lack knowledge, even subject to the discretion of the court on a later motion. He is entitled to offer such evidence at the trial as a matter of right (People v. McClellan, 191 N. Y. 341). This order assumes without basis that plaintiff avers ignorance of these matters in bad faith and casts the burden upon him of applying to be relieved from the consequences as a favor from the court.
It is not controlling that the order denying plaintiff’s motion to vacate or modify the demand contains no provision expressly allowing plaintiff to aver present inability to obtain the information (Chartered Bank of India v. Nassau Fire Ins. Co., 145 App. Div. 307, 310).
The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the motion to preclude denied except with respect to items 10(a), 10(b) and 14 omitting “ in detail ” concerning which plaintiff is precluded from giving evidence of matters not already specified unless plaintiff shall serve a further bill within twenty days after service of a copy of the order to be entered hereon with notice of entry. These items refer to a different subject and plaintiff’s inability to pro- . cure the particulars omitted does not sufficiently appear (Hartog v. Lewis, 200 App. Div. 649). Leave is granted to defendant East River Savings Bank to make another motion to preclude after the completion of "the examination before trial.
Martin, P. J., Dore and Van Voorhis, JJ., concur; Glennon and Cohn, JJ., dissent and vote to affirm.
Order reversed, with $20 costs and disbursements to the appellant, and the motion to preclude denied except with respect to items 10(a), 10(b) and 14 omitting “ in detail ” concerning which plaintiff is precluded from giving evidence of matters not already specified unless plaintiff shall serve a further bill within twenty days after service of a copy of the order to be entered hereon, with notice of entry. Leave is granted to defendant East River Savings Bank to make another motion to preclude after completion of the examination before trial. Settle order on notice.