EUVA RICHARDSON, Plaintiff, *v.* LONG ISLAND RAIL ROAD COMPANY, Defendant.

Supreme Court, Special Term, Queens County, March 24, 1947.

*Nathan Canter* for plaintiff.

*Louis J. Carruthers* for defendant.

COLDEN, J.  Plaintiff, in an action to recover damages for personal injuries, moves to vacate items 4 and 5 of defendant's demand for a bill of particulars upon the ground that the acci-

dent in question occurred under circumstances that render the doctrine of *res ipsa loquitur* applicable.

It is, of course, true that where a plaintiff relies on the foregoing doctrine, a defendant is not entitled to particulars as to the specific acts of negligence which are claimed to have caused the accident (*Haines* v. *City of Newburgh*, 234 App. Div. 389; *Hamilton* v. *New York State Realty & Terminal Co.*, 66 N. Y. S. 2d 177). However, in the court's discretion, the plaintiff will be required to state, in her bill of particulars to be served herein, that she intends to rely upon the doctrine of *res ipsa loquitur*, and if such statement be made, then items 4 and 5, which require particulars as to the acts of negligence, will be eliminated. (Cf. *Smith* v. *Bower*, 270 App. Div. 977.) The bill of particulars will be served within fifteen days after the service of a copy of the order hereon.