Dolores R. Force, as Administratrix of the Estate of Arthur Force, Deceased, Plaintiff, *v.* Tracy Towing Lines, Inc., et al., Defendants.

Supreme Court, Special Term, Kings County, May 26, 1947.

*Alexander & Ash* for defendants.

*Harold L. Haskin* for plaintiff.

Hallinan, J. Motion by the defendants Red Star Towing and Transportation Company and The Red Star Barge Line, Inc., for an order directing the plaintiff to furnish a further bill of particulars as to items 4 and 5 of the demand dated April 7, 1947, and striking out from the bill of particulars served the statement at the conclusion thereof: " The plaintiff hereby reserves the right to modify and also to amend the foregoing bill of particulars", or in the alternative for an order of preclusion.

The demand for the bill of particulars in question was served by mail on April 7, 1947. The plaintiff served a bill of particulars dated April 29, 1947, stating with respect to items 4 and 5 "as to this claim, the complaint is sufficiently clear."

Subdivision (a) of rule 115 of the Rules of Civil Practice provides in part that if no motion to vacate or modify the demand

is made "the bill of particulars shall be served within ten days after the demand therefor, unless the court or judge shall otherwise direct." This is not idle language, and while this court has the discretion to withhold a preclusion order, notwithstanding that no motion to vacate or modify had been made (*Peck* v. *Bandell,* 164 Misc. 352; *Esteve* v. *Abad,* 50 N. Y. S. 2d 317, affd. 268 App. Div. 846), it will not do so in a case where as here there is no objection to the propriety of the item, the claim being merely that the complaint is sufficiently clear. Such an objection might have been appropriate if the practice prescribed by the rules of practice of this court had been followed (rule 115, subd. [a]). It is not at this time. Accordingly, a further bill of particulars will be directed to be served in compliance with items 4 and 5. As for the reservation in the present bill of particulars, the same will be stricken.

While it is true that a statement by a plaintiff in a bill of particulars that he is not in possession of the information sought by a demand has at times been recognized as a sufficient substitute for such information where there is reasonable prospect that he will be able to furnish it before the trial (*Schlank* v. *East River Savings Bank,* 272 App. Div. 56), such is not the case here. By a single two-line statement at the conclusion of a bill of particulars the plaintiff has frustrated the very purpose for which a bill of particulars is required. Such a reservation is improper (*Manufacturers & Dealers Motor Underwriters* v. *Fire Brokers' Assn.,* 186 App. Div. 762).

A party who has served a bill of particulars may at any time seek *leave of court* to amend it in furtherance of justice where no prejudice results therefrom to the opposite party. (See *Parsons* v. *Sutton,* 66 N. Y. 92, 95; *Dermody* v. *Flesher,* 22 Misc. 348.) So here the plaintiff would have a right to apply to the court for leave to amend her bill of particulars. She has no right, however, to stymie the legal effect of the bill of particulars which she has served by a reservation which completely nullifies its purposes, i.e., to amplify the pleading, limit the proof and prevent surprise to the adverse party on the trial (*Elman* v. *Ziegfeld,* 200 App. Div. 494).

Settle order on notice.