ANTE KRSTULJA, Plaintiff, *v.* NICK J. KRSTULJA, Defendant.

Supreme Court, Special Term, Richmond County, March 26, 1951.

*John C. Ferlaino* for plaintiff.

*Harold Harper* for defendant.

BARTELS, J. Motion to preclude because of failure to serve a verified bill of particulars. This is an action for separation initiated by the wife upon the ground of abandonment of herself and child in the year 1928. According to the pleadings plaintiff and defendant were married in the village of Punat, Island of Krk, Jugoslavia, in September, 1920, and had one child who is now twenty-eight. Defendant interposes a defense alleging that the plaintiff was guilty of adultery and other acts of misconduct in 1923, with a certain named individual and that

plaintiff admitted this misconduct and yielded possession of the child who was thereafter reared by defendant and his mother. It appears that at the time of the alleged misconduct the parties were residents of Jugoslavia.

Plaintiff demanded particulars as to the dates, the time of the day, and specific addresses of the alleged acts of adultery and misconduct. A bill was furnished giving the year and the whereabouts in Jugoslavia where the alleged acts occurred, the defendant swearing that he had no more precise knowledge at the present time and that should he obtain such he would furnish the same to the plaintiff within ten days in advance of the trial.

Letters rogatory were issued by this court on February 9th and 17th, respectively, for the examination in Jugoslavia of six witnesses on behalf of defendant and four witnesses on behalf of the plaintiff. Apparently this examination has not yet been held. In addition defendant swears that he has tried diligently by correspondence to obtain the particulars demanded but does not believe they will be available in advance of the letters rogatory.

There seems to be no doubt that the plaintiff is entitled to the particulars demanded within reason. See *Arguimbau* v. *Arguimbau* (263 App. Div. 871) where the court held that approximate date or dates of the alleged acts are sufficient. To the same effect is *Boelsen* v. *Boelsen* (45 N. Y. S. 2d 556). It is also true that as a general rule a party will not be allowed to obtain an examination before trial prior to furnishing a bill of particulars (*Zecchini* v. *Mayer,* 195 App. Div. 423). It is the duty of the court, however, to appreciate the realities in the case at bar. Although the abandonment took place in Jugoslavia in 1928, it was not until twenty-two years later that this action was instituted. Accordingly the events set forth in the answer are twenty-two years old and took place in a foreign country, which is under a totalitarian regime. Defendant claims that he will be more fully able to comply with the demand for a bill of particulars after return of the letters rogatory. Shall this court before the return of the letters bar the defendant from producing his version of this domestic controversy? The locus of this case is not within this country and accordingly is beyond the reach of subpœna powers of the State. While the plaintiff must not be surprised at the trial and is entitled to be afforded a fair opportunity before the trial to defend herself against the defendant's charges, by receiving particulars of those charges, justice would be perverted under the circum-

stances if the defendant were, at this stage of the proceedings, precluded from presenting his defense (see *Boelsen* v. *Boelsen, supra*).

The courts have not been rigid in granting orders of preclusion where a party has been unable to furnish the particulars demanded. In certain cases an examination before trial has been ordered to enable a party to furnish particulars when he did not have the necessary information. In *Schlank* v. *East Riv. Sav. Bank* (272 App. Div. 56, 58) the court said: "Where a party is unable to obtain the necessary information at the time when a bill is required to be served but there is reasonable prospect that he will be able to do so before the trial, such a statement has often been recognized as a sufficient substitute for such information (*Losie* v. *Royal Indemnity Co.*, 179 App. Div. 439; *Ferris* v. *Brooklyn Heights R. R. Co.*, 116 App. Div. 892; *Ziadi* v. *Interurban Street Ry. Co.*, 97 App. Div. 137; *Manufacturers & Dealers Motor Underwriters, Inc.*, v. *Fire Brokers' Association, Inc.*, 186 App. Div. 762; *Delano* v. *Central Hanover Bank & Trust Co.*, 252 App. Div. 290; *Parker-Lauer Realty Co., Inc.*, v. *Long Island R. R. Co.*, 263 App. Div. 955). Otherwise meritorious claims might be defeated through preclusion orders calling upon plaintiffs prematurely to specify information in the possession of defendants which later may be elicited by examination before trial, or, where such examinations cannot be had, by calling adverse parties or their employees as hostile witnesses at the trial."

In *Losie* v. *Royal Ind. Co.* (179 App. Div. 439) defendant was unable to furnish the names and addresses of doctors from whom insured was alleged to have obtained advice. The court thought the interests of justice required defendant be excused if defendant furnished the information a sufficient length of time before the trial to obviate surprise on the part of the plaintiff, remarking on pages 440–441: "When, therefore, the defendant stated its inability to furnish the names and addresses of the physicians and stipulated that it would immediately furnish the plaintiff such information if it acquired the same, it was doing all which reasonably could be required." (See, also, *Weinberg* v. *Berkshire Ice Co.*, 196 App. Div. 364; *People* v. *McClellan*, 191 N. Y. 341, and *Cornell-Dubilier Elec. Corp.* v. *Micamold Radio Corp.*, 50 N. Y. S. 2d 318.)

Representations have been made in open court that considerable time will be taken before the letters rogatory will be returned. Substantial justice can therefore be achieved by a denial of this motion with leave to the plaintiff to renew upon

the failure of the defendant to furnish the required particulars upon the return of the letters rogatory and at all events after the lapse of six months from the date of the order to be entered hereon if the letters rogatory have *not* been returned by that time and with the further proviso that any bill of particulars that may be served upon the plaintiff, be served at least three weeks before the trial. Settle order on notice.