PROGRESSIVE CREDIT UNION, Respondent, *v.* MOUNT VERNON WIPING CLOTH CORPORATION, Appellant.

First Department, February 18, 1958.

*Alfred D. Fredericks* of counsel (*Mortimer F. Harman,* attorney), for appellant.

*Joseph Bandler* for respondent.

*Per Curiam.* Order, striking out defendant's answer and granting summary judgment, reversed on the law and motion denied, with costs to appellant to abide the event.

The complaint seems to seek the recovery of the balance of a loan secured by a chattel mortgage on equipment which is now in the possession of defendant in Mount Vernon, New York. The loan was originally made to another corporation and the chattel mortgage executed by it. Since there is no proof that defendant assumed payment of the loan or that the property is beyond plaintiff's reach, a judgment on the loan was improper. (*Abramson* v. *Held,* 263 App. Div. 871; *Swift & Co.* v. *Cohen,* 256 App. Div. 996; *Sani-Porcelain Enamel Prods.* v. *Bender Store Fixtures Co.,* 251 App. Div. 726.)

We recognize that when a person removes property from a county in violation of the provisions of a chattel mortgage, he subjects himself to an action for conversion even though he has only constructive notice of the mortgage. (*Industrial Bank of Commerce* v. *Shapiro,* 276 App. Div. 370, 372, affd. 302 N. Y. 566.) However, the cause of action pleaded in the complaint is not one for conversion but for money due. And if a plaintiff moves for summary judgment, he must allege a sufficient cause of action if the motion is to be granted. (*Ellison* v. *Republic Mfg. Corp.,* 251 App. Div. 746; *Maxrice Realty Corp.* v. *B/G Sandwich Shops,* 239 App. Div. 472, 474; *Tauber* v. *National Sur. Co.,* 219 App. Div. 253; *Hallgarten* v. *Wolkenstein,* 204 App. Div. 487, 490–491.) The affidavits herein do not support the cause of action pleaded in the complaint. Hence, summary judgment should not have been granted.

Moreover, even if plaintiff would have us consider the complaint as alleging a cause of action for conversion (and as indicated above, we do not so construe it), the order below would have been improvident. The court has no power to grant summary judgment on a plaintiff's application in an action for conversion. (Rules Civ. Prac., rule 113; *Formel* v. *National City Bank of N. Y.*, 152 Misc. 275; *Gilbert* v. *Gotham Credit Corp.*, 152 Misc. 598.)

BOTEIN, P. J., BREITEL, FRANK, VALENTE and McNALLY, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to appellant to abide the event, and the motion denied.