Howard T. Hogan, J.
Motion for a second examination before trial.
This action has been at issue since 1955. Originally it was on the County Court calendar. An examination before trial of the plaintiff was had in February, 1956. Subsequently, the cause was removed to the Supreme Court. Thereafter, in March of 1957, the plaintiff served an amended bill of particulars. The defendant states the examination is necessary because further injuries and expenses were either claimed in the amended bill of particulars or a reservation to prove further injuries was contained in the amended bill.
The plaintiff’s attempted reservation in the bill of particulars is of no effect (Manufacturers & Dealers Motor Underwriters v. Fire Brokers’ Assn. of City of N. Y., 186 App. Div. 762; Force v. Tracy Towing Lines, 190 Misc. 446). Injuries not specified in the bill of particulars or in a duly approved amended bill are not provable on the trial.
Assuming the defendant has had a physical examination of the plaintiff, there is no need for and no right to an examination before trial of the plaintiff with respect to some of the items which of necessity would require expert evidence. The fact that loss of earnings may continue until the trial or that the injuries may be permanent does not warrant a second examination.
In addition to the foregoing reasons for a denial of the motion, the papers indicate, although it is not expressly stated, that the cause is on the calendar. That means a statement of readiness has been filed. No reason whatsoever is advanced by the movant why the examination was not sought prior to the filing of the statement of readiness. Absent a reason, or a motion to strike the cause within 20 days after the statement of readiness is served, it is deemed that all examinations before trial have been completed or waived.
Motion denied.