James S. Brown, J.
In this negligence action defendant Moniger moves to preclude or, in the alternative, for a further bill as to item second (c) of the bill of particulars and to strike the reservation clause appearing at the end thereof.
Plaintiff’s opposition to this motion is without merit. Paragraph ‘ ‘ sixth ’ ’ of the complaint describes, among other things, an alleged negligent condition 11 on each step ” of the stairway, *514 and defendant is entitled to know what particular step plaintiff will claim, at the trial, caused her to fall. Our courts generally treat these applications with a degree of liberality favoring particularization.
Defendants’ tardiness of one month in bringing on this motion is excused and the excuse given accepted by the court as being within the realm of “ special circumstances ” enunciated in subdivision (d) of rule 115 of the Rules of Civil Practice (Curtis v. Curtis, 178 Misc. 213). Furthermore, since the papers indicate that plaintiff served her bill one and one-half years after the demand, it ill behooves her to complain of a four-week delay.
Accordingly, the motion is granted as to item second (c). Plaintiff shall serve a further bill within 10 days after service of a copy of the order to be entered herein with notice of entry.
Defendants’ objection to the reservation clause has merit. Its inclusion at the end of plaintiff’s bill of particulars frustrates the very purpose and intendment for which a bill is required (Manufacturers & Dealers Motor Underwriters v. Fire Brokers’ Assn., 186 App. Div. 762). The clause is stricken.
Settle order on notice.