Walter R. Hart, J.
Plaintiff wife has commenced this action to recover damages for injuries due to the alleged malpractice of defendants. Her husband’s cause of action is the usual derivative one for loss of services and medical expenses. The defendants are the hospital, a surgeon and an anesthetist. The complaint alleges that in the course of an operative procedure for a Caesarean section two of plaintiff wife’s front teeth were injured and fractured at their roots. The negligence allegation of the complaint is in the following form: ‘1 Twelfth : Plaintiff jessie lustig relies upon res ipsa loquitur and reserves the right *896 to prove that the defendants, their agents, servants and/or employees, were careless and negligent in failing to perform the operative procedure in the accepted and proper manner and in so carelessly and negligently performing said procedure that they fractured two of her front teeth, all without any fault or lack of care on the part of the plaintiff. ’ ’
The defendant surgeon moves to dismiss the complaint for insufficiency. Defendant correctly contends that the res ipsa loquitur doctrine is simply a rule of evidence; that to state a sufficient cause of action it is necessary to allege affirmatively the ultimate facts showing the violation of a duty owed to her by defendants.
The plaintiffs, if the trial court finds the doctrine applicable, may establish prima facie those ultimate facts from which the trier of the facts could infer that there had been malpractice (cf. Pliss v. 83rd Foundation, 69 N. Y. S. 2d 727; Ybarra v. Spangard, 25 Cal. 2d 486; Bauer v. Otis, 133 Cal. App. 2d 439; Oldis v. La Societe Francaise, 130 Cal. App. 2d 461; Leonard v. Watsonville Community Hosp., 47 Cal. 2d 509; Schroeder v. City & County Sav. Bank, 293 N. Y. 370) but in the complaint these ultimate facts with respect thereto must be alleged.
Plaintiffs, if so advised, in lieu of specifying the acts or omissions claimed to have constituted the violation of duty owed to them, may in the bill of particulars, state that they rely on res ipsa (Haines v. City of Newburgh, 234 App. Div. 389; Richardson v. Long Is. R. R. Co., 189 Misc. 161; Fischer v. Johnston & Sons, N. Y. L. J., June 8, 1955, p. 13, col. 6).
Accordingly the motion to dismiss for insufficiency is granted with leave to plead over within 20 days after service of a copy with notice of entry of the order which shall be settled on notice.