■ JOSEPH CARDUCCI, SR., Respondent, v. MARJORIE GAINES, Appellant.— In an action to recover for work, labor and services performed pursuant to an oral contract, defendant appeals from an order of the County Court, Westchester County, dated June 30, 1960, affirming a judgment of the Justice's Court, Town of Rye, entered March 28, 1960, in favor of plaintiff and against defendant. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ VERONICA CHERHIT, as Administratrix of the Estate of JOSEPH CHERHIT, Deceased, Appellant, v. GENERAL LUMBER CORPORATION, Respondent.— In an action to recover damages for the wrongful death of plaintiff's intestate, and for his pain and suffering prior to death, the plaintiff appeals from an order of the Supreme Court, Kings County, dated July 5, 1960, denying her motion to strike out certain items from defendant's demand for a bill of particulars. Order modified by striking out from its second decretal paragraph the provision which directs plaintiff in the alternative, if she intends to rely on the doctrine of res ipsa loquitur, to state that such is her intention. As so modified, order affirmed, without costs. Plaintiff shall serve her bill of particulars within 20 days after entry of the order hereon. It does not clearly appear from the complaint that upon the trial plaintiff will rely on the doctrine of res ipsa loquitur (cf. Haines v. City of Newburgh, 234 App. Div. 389). The defendant, therefore, is entitled to particulars of the specific acts of negligence alleged in the complaint, as plaintiff will claim them to be (cf. King v. Craddock, 252 App. Div. 719). However, if plaintiff, because of lack of knowledge, is unable to furnish such particulars, she should not be compelled to elect, at this time, to rely on the doctrine of res ipsa loquitur (Haines v. City of Newburgh, supra), although she may do so, if so advised. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.