Louis Gr. Bruhst, J.
This is a motion by the defendant for an order of preclusion or in the alternative an order requiring the plaintiff to serve a further and more detailed bill of particulars with regard to the claimed negligence.
The plaintiff resists the motion on the grounds that since its complaint contains a 1 ‘ classic ’ ’ example of a true res ipsa loquitur pleading that it was not required to particularize in response to the defendant’s demand.
The defendant counters with the contention that orderly procedure required the plaintiff to proceed under subdivision (a) of rule 115 of the Buies of Civil Practice rather than raise the question in opposition to a motion to preclude.
While better practice does suggest such procedure, failure to do so still does not remove discretion from the court. (Suto v. Musella, 274 App. Div. 952.)
The plaintiff is correct in its contention that, in a true res ipsa loquitur case, it does not have to particularize items of negligence. (Feiderlein v. Faiella, 54 N. Y. S. 2d 114; La Tour v. United Air Lines, 65 N. Y. S. 2d 839; Haines v. City of Newburgh, 234 App. Div. 389.)
However, except for its moving papers in opposition to this motion the plaintiff is in no wise committed to rely on such a doctrine in this case.
There is some authority which suggests that a bill of particulars should be supplied at least to that extent. (Richardson v. Long Is. R. R. Co., 189 Misc. 161; Schnell v. New York Tel Co., 12 A D 2d 523; Lustig v. Beth Israel Hosp., 20 Misc 2d 895.)
It is interesting to note that in the Lustig case {supra, p. 896) the court stated: “ The plaintiffs, if the trial court finds the doctrine applicable, may establish prima facie those ultimate facts from which the trier of the facts could infer that there had *565 been malpractice * * * but in the complaint these ultimate facts with respect thereto must be alleged.” (Italics supplied.) Also in the La Tour case (supra, p. 840) the court stated: “It is not, in my opinion, the office of a bill of particulars, to require the plaintiff to set forth what rule of evidence, or what the theory of his cause of action is. The pleading itself should disclose it, but plaintiff should not be required to give it a label. ’ ’ (Italics supplied.)
If this court were to accept the plaintiff’s self-proclaimed major premise concerning the dignity to be accorded its complaint then it would have no difficulty in arriving at the result which the plaintiff seeks.
The allegation of the plaintiff’s complaint upon ivhich reliance is placed to invoke the application of the doctrine is paragraph “ 5 ”. That paragraph provides: “ The defendant was negligent in the maintenance, handling and control of a compound used to seal terrazzo floors called Onex Seal or Super Onex Seal which was in the exclusive care, custody and control of the defendant, its agents, servants or employees and which negligently caused the aforesaid loss to the plaintiff.”
In the light of the authorities such limited conclusory allegations are insufficient.
The law seems well established that to invoke the doctrine it must appear the ‘ ‘ circumstances of the case unexplained justify the inference of negligence.” (Italics supplied.) (Galbraith v. Busch, 267 N. Y. 230, 233; Manley v. New York Tel. Co., 303 N. Y, 18, 25; see, also, George Foltis, Inc. v. City of New York, 287 N. Y. 108.)
Therefore, for the reasons stated the defendant’s motion is granted, without costs, unless the plaintiff within 20 days serves a further bill itemizing the acts of negligence or in the alternative, within 20 days, serves an amended complaint alleging ultimate facts from which the doctrine of res ipsa loquitur may be discerned and a further bill indicating reliance on the doctrine, if the plaintiff so intends to rely.