Mario Pittont, J.
This is a motion by defendant to preclude or for an order directing the service of a further bill of particulars, and striking the reservation clause appearing at the end thereof. The exact location of an accident need not be specified, but the place of the occurrence should be identified by reference to some object. The statement in item 2 that the accident happened “ in the roadway leading to stores adjacent to 23 Forest Avenue, Lynbrook ” is too indefinite and should ■be amplified to identify the particular area in the roadway claimed to be defective (cf. Sher v. Roth-Schenker Corp., 72 N. Y. S. 2d 684).
*826 Item 3 (e) states the plaintiff sustained “ Exacerbation of prior arthritic condition ”. The portion of* the body affected by the prior arthritic condition should be specified since evidence of injuries not set forth is not admissible (Brett v. Simon, 277 App. Div. 890).
The statement in item 4 that all injuries “ except those of a superficial nature may well be permanent ” has been disapproved (Rotondi v. Vaughan, 28 Misc 2d 656; Desimone v. Robertson, 19 Misc 2d 80). The injuries claimed to be permanent must be particularized.
Items 5 (b) and (c) state plaintiff was confined to bed for “ a few days 5 ’ and to home for ‘ ‘ about two months ’ \ This statement should be made definite. The defendant’s objection to the inclusion of a clause reserving the right to prove further injury is also well taken (Guilizio v. Rios, 14 Misc 2d 513; McGrath v. Calabrese, 13 Misc 2d 267), and the reservation is stricken. If future damage or injury is sustained, the plaintiff may apply for leave to amend her bill. The observation may be made that objections to the bill are not obviated because the information may be obtained on an examination before trial.