Clarence J. Henry, J.
This is a motion on behalf of the defendants to strike certain portions of the plaintiffs’ bill of particulars.
In the bill, after setting forth certain injuries claimed to have been sustained by the plaintiff Anna Rico as the result of alleged negligence on the part of the defendants, and certain medical bills incident thereto, the plaintiff William Rico (husband of Anna) states that final medical bills have not been rendered and he, being unable therefore to state them, reserves the right to do so when they are available. It is these reservations which the defendants move to strike.
The plaintiffs take two positions in opposition to the motion: (1) that a motion to strike portions of a bill of particulars is unauthorized under rule 115 of the Rules of Civil Practice ; and (2) that the instant reservations, in the circumstances, were proper.
As to the first position, it appears that there are divided views. In Ivey v. New York Tel. Co. (279 App. Div. 972) the Fourth Department, in a memorandum opinion, indicated that the only attack on a bill of particulars authorized by rule 115 (impliedly the exclusive authority) is a motion to preclude. However, Justice McCtjrn, in a strong dissent, suggested that, while the authority provided by the rule might be so limited, nevertheless there remained in the court inherent power to exercise supervision and control over its practice, including bills of particulars. Other courts have taken this view and have entertained motions to strike matters from bills of particulars (see Force v. Tracy Towing Lines, 190 Misc. 446; Lesser v. Kennedy, 19 Misc 2d 812). As a practical matter, it would seem to make little difference whether the motion is one to preclude, or one to strike — the effect of a ruling thereon is the same — and a motion to strike might well be regarded as a motion to preclude. However, in view of the precedent in this Department, the ruling herein is that the motion is technically without recognized authority.
As to the second position, while it has been held that a general reservation of right to amend an entire bill of particulars cannot be countenanced, on the ground that it would defeat the very purpose for which the bill is schemed (Force v. Tracy Towing Lines, supra), it has also been held that a statement of lack of information concerning certain items of the demand is recognized as a sufficient substitute for such information where there *957 is reasonable prospect that it can be furnished before trial (Schlank v. East Riv. Sav. Bank, 272 App. Div. 56; Force v. Tracy Towing Lines, supra; Krstulja v. Krstulja, 200 Misc. 186). Certain safeguards should be provided in order that the defendants may not be unduly surprised and deprived of a fair opportunity to counter. The reservation of right as to statements concerning further medical expenses is therefore limited to such expenses as are associated with and flow from the injuries listed in the bill of particulars already served (Lesser v. Kennedy, 19 Misc 2d 812 supra; see, also, Brett v. Simon, 277 App. Div. 890) and the plaintiff is required to furnish such further statements at least 10 days before the trial (Lesser v. Kennedy, supra). For the reasons stated the motion to strike the reservations of the plaintiffs’ bill of particulars is denied. Ten dollars costs.