Domenick L. Gabrielli, J.
The challenged bill of particulars was served with the verification having been made by plaintiff’s attorney because the plaintiff was not a resident of the county where plaintiff’s attorney maintains his office.
The motion to strike the bill of particulars upon the above ground is denied.
This is a negligence action. In response to a demand for the specific items of claimed negligence, the bill of particulars stated: “ 3. Plaintiff does not, at this time, have knowledge of *2 the specific facts constituting the negligence of the defendants, and each of them, and, therefore, relies upon the theory of res ipsa loquitur, reserving the right, however, to prove that the defendants, their respective agents, servants and employees, were careless and negligent in causing, allowing and permitting the occurrence of the event alleged in the complaint which resulted in injury and damage to the plaintiff.”
The defendant moves for an order of preclusion claiming that it is not responsive to the demand made by the defendant.
It is, of course, axiomatic that plaintiff cannot reserve the right to prove anything not included in the bill of particulars. (Lesser v. Kennedy, 19 Misc 2d 812; Rico v. Pierleoni, 33 Misc 2d 955; Carney v. Liebmann Breweries, 8 Misc 2d 1064.) Under proper circumstances the bill of particulars may be amended.
The question of the basis for the claimed negligence is basically one of proof. Whether plaintiff at the time of the trial will proceed upon the theory of res ipsa loquitur or upon specific acts of negligence, is a matter for her to determine.
However, if such is the case, the defendant is entitled to know of and to be furnished with the particulars of the specific acts of claimed negligence.
There is no compulsion upon the plaintiff to select her theory at this point or of electing upon which basis she will proceed, at this time. She may do so if she desires, but she is not forced to. Neither is the court empowered to direct her to make such an election. (Haines v. City of Newburgh, 234 App. Div. 389; Fischer v. Johnson & Sons, 20 Misc 2d 891; De Roire v. Lehigh Val. R. R. Co., 205 App. Div. 549; Whylie v. Craig Hall, 272 App. Div. 603.)
As was said in Fischer v. Johnson & Sons (supra) “ It is not the pleading of specific acts of negligence, but the attempt to prove such acts at the trial of the action which will deprive plain liff of the benefit of the presumption under the res ipsa doctrine. (Bailey v. Bethlehem Steel Co., 277 App. Div. 798, affd. 302 N. Y. 717; Goodheart v. American Airlines, 252 App. Div. 660, 662-663, 254 App. Div. 566; Langeland v. 78th & Park Ave., Corp., 129 N. Y. S. 2d 719, 721.) ”
A defendant is entitled to particulars of the specific acts of his negligence as plaintiff will claim them to be (King v. Craddock, 252 App. Div. 719), unless it clearly appears that plaintiff relies solely on the doctrine of res ipsa loquitur (Haines v. City of Newburgh, supra). In the case at bar it does not clearly appear that the plaintiff will rely solely upon the res ipsa loquitur doctrine.
*3 An order may, however, be submitted which will provide that the plaintiff will be precluded from giving evidence of specific acts of negligence (see demand No. 3) at the time of the trial unless she furnishes a further bill of particulars of these items within 15 days from the entry and service of a copy of this order.