Hahold J. Hughes, J.
In a personal injury action, plaintiffs served a bill of particulars in response to defendant’s demand stating that the injuries claimed by plaintiff Beulah Watrous may be permanent and reserving the right to serve a supplemental bill upon receipt of a final medical report. Plaintiffs’ bill of particulars also contained a reservation of the right to file a supplemental bill specifying additional periods for which she may be incapacitated and special damages incurred subsequent to the date of the original bill of particulars.
Defendant has moved, pursuant to CPLR 3042 (subd. [d]), for an order precluding plaintiffs from giving evidence upon the . trial of the items of which particulars have not been given, or, in the alternative, striking each and every reservation and requiring plaintiffs to serve a further bill. Plaintiffs have cross-moved for permission to serve a supplemental bill of particulars within 10 days prior to the trial of the action.
Although the issue has not been raised in this department, the great weight of authority holds that it is improper procedure to couple with information given in a bill of particulars a reservation of the right to serve a supplemental bill as to matters which a party lacks information (Matter of May, 17 A D 2d 729; Rowe v. Levine, 15 A D 2d 571; Manufacturers & Dealers Motor Underwriters v. F. B. Assn., 186 App. Div. 762; Force v. Tracy Towing Lines, 190 Misc. 446, affd. 272 App. Div. 912; Fizette v. Riverview Plaza, 40 Misc 2d 1; Dusing v. Rosasco, 31 Misc 2d 825; Rotondi v. Vaughn, 28 Misc 2d 656; Guilizio v. Rios, 14 Misc 2d 513; McGrath v. Calabrese, 13 Misc 2d 267). Reservations such as contained in plaintiffs’ bill of particulars effectively defeat the purpose of a bill of particulars, which is ‘ ‘ to amplify a pleading, to limit proof and to prevent surprise to the adverse party on the trial by enabling him to know definitely the claim which he is called upon to meet ” (Matter of May, 17 A D 2d 729, supra).
By cross moving for permission to serve a supplemental bill of particulars, plaintiffs ’ attorney has effectively conceded that he cannot reserve the right to furnish additional particulars at a later date. There is some authority for granting leave to file a supplemental bill at some future date (Rico v. Pierleoni, 33 Misc 2d 955; Lesser v. Kennedy, 19 Misc 2d 812) but better *65 practice requires that lack of knowledge be stated under oath and that leave to serve a supplemental bill be obtained from the court, with proper restrictions, when such information is acquired, so that the rights of the opposing party may be protected .(Matter of May, supra, see Laskaris v. Hogan, 35 A D 2d 859).
Defendant’s motion for an order of preclusion is granted unless plaintiffs serve a proper bill of particulars eliminating, in response to items 10,11,12 and 14, the reservation of the right to supplement and amend the bill of particulars; with leave to plaintiffs, if they are unable to furnish all of the information required, to state their lack of knowledge. Plaintiffs’ cross motion is denied, without prejudice to a renewal on proper papers at least 20 days prior to trial.