■ ROGER C. O'DELL et al., Respondents, v WILSON F. TURNER, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered January 30, 1978 in Sullivan County, which denied, in part, defendant's motion to direct the service of a further bill of particulars. In this personal injury action plaintiff, Roger C. O'Dell, furnished a bill of particulars listing specific areas of injury. Directly below this listing plaintiff added the following: "All with involvement of surrounding muscles, tendons, ligaments, tissues, deep soft tissues, epithelial tissues, nerves, blood vessels and soft parts, with resulting paid, deformity and disability, stiffness, tenderness, weakness and partial restriction and limitation of motion and possible loss of use of the above mentioned parts and all substantially prevented the plaintiff from enjoying the normal fruits of his activities, social and economic. Severe shock to the body and nervous system. Plaintiff reserves the right to prove any and all further injuries and medical expenses up to and at the time of trial." Defendant moved for an order pursuant to CPLR 3042 (subd [d]) directing the service of a further bill of particulars claiming, inter alia, that the above-quoted portion of the bill of particulars was improper.

Special Term disagreed and allowed that portion to remain as originally set forth. This appeal ensued. The purpose of a bill of particulars is to limit the proof and to prevent surprise at the trial *(State of New York v Horsemen's Benevolent & Protective Assn.,* 34 AD2d 769; *D'Onofrio v Davis,* 14 AD2d 960). In our view, the allegations in plaintiffs' bill of particulars concerning claimed damage to surrounding muscles, tendons, ligaments, *et cetera,* and the claimed deformity and disability, partial restriction and limitation of motion and possible loss of use are of such a general nature as to defeat the purpose of a bill of particulars. The allegation of severe shock to the body and nervous system is also too general in nature. Although overly broad, the allegations in question should not be struck from the rest of the bill of particulars. It is the opinion of this court that defendant is entitled to a further bill of particulars detailing the specifics of these allegations (CPLR 3042, subd [d]). It is also contended by defendant that plaintiff's reservation of the right to prove any and all further injuries and medical expenses up to and at the time of trial is improper and should be struck from the bill of particulars. In the event of future damage or injury, leave may be sought to amend or supplement a bill of particulars and, absent a showing of prejudice, such leave should be freely granted (CPLR 3025, subd [b]; *Cossart v Fredenburgh,* 50 AD2d 993). We conclude, however, that the reservation of the right to prove further injury and medical expenses is improper and, consequently, said reservation in plaintiffs' bill of particulars should be stricken (see *Matter of May,* 17 AD2d 729; *Watrous v Harris,* 71 Misc 2d 63; *Fizette v Riverview Plaza,* 40 Misc 2d 1). Order modified, on the law and the facts, by reversing so much thereof as denied defendant's motion to strike the reservation clause and for a further bill of particulars concerning the allegations in question; motion granted; and, as so modified, affirmed, with costs to defendant. Greenblott, J. P., Sweeney, Staley, Jr., Main and Larkin, JJ., concur.