■ GERMAN PADRO, Respondent, v BOULEVARD HOSPITAL, Defendant, and EDWARD Y. T. SHEN et al., Appellants. — In a medical malpractice action, the appeal is from an order of the Supreme Court, Queens County (Dunkin, J.), dated July 2, 1982, which denied appellants' motion for an order of preclusion. Order modified by granting the motion to the extent of striking from paragraph No. 3 of plaintiff's bills of particulars served in response to the respective demands of the appellants, the phrase "and in other ways being careless, negligent and reckless in treatment rendered the plaintiff". As so modified, order affirmed, without costs or disbursements. Plaintiff's bills of particulars set forth certain acts and omissions alleged to constitute malpractice and also asserted that each of the appellants was "in other ways * * * careless, négligent and reckless in treatment rendered the plaintiff". The appellants then moved for an order precluding plaintiff from offering at trial "any evidence in support of the claims in the Complaint, particulars of which have not been served in plaintiff's Bills of Particulars". Special Term denied the motion. The object of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial (*Paldino v E. J. Korvettes, Inc.*, 65 AD2d 617). The mentioned phrase in plaintiff's bills is inconsistent with these purposes because of its open-ended characteristics and should be stricken. The proper practice is to

obtain permission to serve a supplemental bill at the time new information is acquired so that the rights of the opposing parties may be protected (*O'Dell v Turner,* 64 AD2d 989; *Matter of May,* 17 AD2d 729; *Rowe v Levine,* 15 AD2d 571). Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.