Andre Luotto, Appellant, *v.* Marshall Field, Doing Business under the Name of Field Publications, et al., Respondents.

Argued April 2, 1945; decided July 19, 1945.

*Arnold J. Brock, William P. Balaban* and *Bernard Noskin* for appellant. I. The effect of the judgment entered upon the order of the Appellant Division was that the causes of action with respect to general damages were held insufficient and the same causes of action with respect to special damages alleged in paragraph 9 to 11, inclusive, were held sufficient. Such a result is inconsistent and inherently impossible. (*Manko* v. *City of Buffalo,* 294 N. Y. 109.) II. The Appellate Division did not follow the principle that special damages are superadded. to general damages and flow from the same cause of action and as a result entered an order that in effect held the complaint legally insufficient and at the same time legally sufficient. So, from the very nature of these causes of action the Appellate Division had no power to make the order upon which the judgment appealed from, was entered. (*Lowe* v. *Lowe,* 265 N. Y. 197.)

*Francis H. Horan, Henry Cassorte Smith, Charles Carroll Kieffer* and *Carolinda Waters* for respondents. I. A part or parts of a cause of action may be stricken under section 476 of the Civil Practice Act. (*Lowe* v. *Lowe,* 265 N. Y. 197; *Pollack* v. *Warner Bros. Pictures, Inc.,* 266 App. Div. 118; *Melniker* v. *American Title & Guaranty Company,* 253 App. Div. 570; *Sheehan* v. *Cone General Advertising Agency, Inc.,* 176 Misc. 882; *Tobias* v. *Celler,* 180 Misc. 421, 267 App. Div. 839.) II.

*Manko* v. *City of Buffalo* (294 N. Y. 109) is not controlling in respect of this case. The complaint in that case divided a single cause of action into two by pleading two items of damage as separate causes. If a motion for judgment on the pleadings in such an action must be addressed to all the items of damage where the statute gives only a single cause of action for damages, it does not follow that the claim of general damages in a libel suit, as distinguished from separate special damage claims, cannot be stricken on a motion for judgment on the pleadings. III. Defendants' motion for judgment on the pleadings sought dismissal of both the alleged causes of action asserted in the complaint with the exception only of the claims asserted in the five paragraphs which contained the plaintiff's definite claims of various items of special damages. The rationale of the motion was that the two alleged causes of action, apart from the claims in paragraphs 8 to 12, inclusive, which asserted claims of *special* damages, were legally insufficient because the article complained of was not libelous *per se.* (*Reporters' Assn.* v. *Sun Printing & Pub. Assn.,* 186 N. Y. 437; *Crashley* v. *Press Publishing Co.,* 179 N. Y. 27; Seelman, The Law of Libel and Slander in the State of New York, p. 384; Newell, Slander and Libel [4th ed.], p. 841, § 753; *Schweikert* v. *New York Evening Journal,* 132 Misc. 169.)

DESMOND, J. This is a libel action, the substance of plaintiff's grievance being that in an article and an editorial published in defendant's newspaper, on July 14, 1942, plaintiff, as he claims, was accused of having been disloyal to the Government of the United States and its war effort. In the complaint are set forth two alleged causes of action but each such cause of action is based on the same two July 14, 1942, publications. In each cause of action there are pleaded four separate items of alleged special damage, also general damages, those statements of damage, special and general, being the same in each count. At Special Term defendant moved under section 476 of the Civil Practice Act, to dismiss on the pleadings both causes of action excepting those paragraphs which aver special damage, defendant's claim in this connection being that the article and editorial were not libelous per se. As another branch of that motion, defendant, under rules 113 and 114 of the Civil Practice Act,

prayed for partial summary judgment dismissing, as to each cause of action, those paragraphs thereof which put forth the four claims of special damage, defendant urging that as to those items of damage there were, in the light of documentary proof presented by defendant on the motion, no triable issues of fact. If the motion had been granted as to both its parts, the result would have been a dismissal of the entire action. Special Term denied the motion in all respects.

The Appellate Division held that the publications were not libelous per se and that, accordingly, the complaint was insufficient to sustain any recovery of general damages. As to the claimed special damages, the Appellate Division was of the opinion that as to one item thereof, set forth in the paragraph of the complaint numbered " 8 " there was no triable issue of fact, so that the particular item could not properly remain in the complaint. The Appellate Division's order modified the Special Term order by inserting therein provisions " granting the motion to the extent of granting judgment on the pleadings dismissing the two causes of action insofar as they concern general damages ", also " granting partial summary judgment dismissing the claimed special damages under paragraph ' 8 ' ". Judgment was entered accordingly and plaintiff appealed to this court.

In *Manko* v. *City of Buffalo* (294 N. Y. 109), we held that an honorably discharged veteran, seeking as damages for the denial by the city of his civil service preference, and attempting in his complaint to set up his lost salary as one cause of action and his legal expenses as another, had in fact a single cause of action only, despite the manner of pleading it. In that case we held that the Appellate Division had erred in granting a judgment which dismissed the second cause of action only. " By dividing the damage ", we said, " one cannot divide a single cause of action." (p. 111). Essentially, the Appellate Division in the present case has done what it did in the *Manko* case. The judgment entered on the Appellate Division's order in the present case is a final judgment dismissing for all purposes certain alleged items of damage set forth in the complaint, leaving standing other items of damage in the same complaint. Such a final judgment is, as we held in the *Manko* case, unauthorized. Inappropriate and insufficient allegations of damage in a complaint may be stricken out on order, but on such an order there

cannot be entered a judgment which has the effect of severing those allegations into a separate cause of action, when such allegations really constitute only part of the statement of damage in a single cause of action for a single wrong. Neither section 476 of the Civil Practice Act, nor rule 114 as to ordering judgment as to part of a cause of action or summary judgment as to one of several causes of action, permits the entry of a separate judgment as to such separate items of damage only (see discussion in *Lowe* v. *Lowe,* 265 N. Y. 197, 202, 203).

Since the paper entered on the Appellate Division order is in terms and in effect a judgment, we have jurisdiction to review it, and, accordingly, we do not dismiss the appeal but reverse it. In so doing we express no opinion as to the merits of the questions argued.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, THACHER and DYE, JJ., concur.

Ordered accordingly.