BEN WEINSTEIN, Appellant, v. PRIMROSE BLOUSE CO., INC., et al., Respondents.— The corporate defendant was owned and controlled solely by the individual defendant. In our opinion, the phrase "cessation of business" should be interpreted to mean the complete cessation by the person controlling the corporate defendant of his interest in the blouse business then conducted, and that the continuance of the same blouse business by such person or by his nominee in another legal form does not constitute the "cessation of business" within the meaning of the contract. Although in this action at law the individual defendant may not be held liable for breach of this employment contract made solely with the corporate defendant, partial summary judgment may not be granted in his favor as to part of the one cause of action stated in the complaint. (*Luotto* v. *Field*, 294 N. Y. 460.) Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.

BEN WEINSTEIN, Respondent, v. NATHAN BANKS et al., Appellants.— That plaintiff has alleged a good cause of action against the corporate defendant for breach of contract has been determined in the companion appeal (*Weinstein* v. *Primrose Blouse Co., ante,* p. 764) decided simultaneously herewith. Whether or not the individual defendants may be held liable in this action must be determined on a trial. (*Vassardakis* v. *Parish,* 36 F. Supp. 1002, 1005.) Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.