JOANNE L. IVEY, an Infant, by LOUISE I. VIEIRA, Her Guardian ad Litem, Respondent, v. NEW YORK TELEPHONE COMPANY et al., Appellants.— Memorandum: As we read rule 115 of the Rules of

Civil Practice, the only instances where the Special Term has authority to entertain an attack against a bill of particulars are (1) to preclude for failure to serve a bill complying either with a demand or an order (rule 115, subd. [c]), or (2) to preclude where the bill is defective or insufficient (rule 115, subd. [d]; see also *Matthews* v. *Hubbard*, 47 N. Y. 428). In this instance, we do not have presented either of the two situations above indicated. The information set forth in the bill of particulars was in compliance with either an order of the court or a demand. The attack directed against the bill was not for failure to comply with either the demand or order or on the ground that the information set forth in the bill is defective or insufficient. The question of the admissibility of proof to be received under the bill is peculiarly for the trial court and not for the Special Term. Also, we are of the opinion that the order sought to be reviewed is a nonappealable order. All concur, except McCurn, J., who dissents and votes for affirmance in the following memorandum: Even if rule 115 of the Rules of Civil Practice may be construed as not authorizing the motion in question, it cannot be construed as limiting or confining the power of the Supreme Court to the situations provided for in the rule. The Supreme Court, independent of the Rules of Civil Practice, possesses the power to exercise supervision and control over its practice including such matters as pleadings and bills of particulars. I find no statutory provision or court decisions which preclude the Special Term from entertaining a motion to strike out alleged objectionable matter from a bill of particulars. (See *Force* v. *Tracy Towing Lines*, 190 Misc. 446, and *Casten* v. *Toro Hill Lodge, Inc.*, N. Y. L. J., April 17, 1950, p. 1341, col. 5.) Defendants contend that the item objected to not only is immaterial and irrelevant to plaintiff's cause of action but will prejudice the defendants upon the trial. These contentions pose a question as to whether a substantial right of the defendants is affected by the order. The respondent does not raise the question of appealability and I feel that we should pass upon the appeal. My view of it, however, is that the motion was properly denied at the Special Term. (Appeals from an order denying defendants' motion to strike out an allegation in plaintiff's bill of particulars relating to an element of damage.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.