■ METAL SPECIALTY PRODUCTS CORP., Respondent, v. HOWAL-RONSET INSTRUMENT Co., INC., Appellant.— In an action to recover the sum of $13,229.39 as the balance alleged to be due for goods sold and delivered, of which sum $6,738.20 is represented by four promissory notes, each being the basis of a separate cause of action in the complaint, in which the complaint also alleges

a fifth cause of action on the contract for said balance due, and in which the defendant has asserted a counterclaim for $7,497.60 based on plaintiff's alleged breach of the contract, the defendant appeals from an order of the Supreme Court, Queens County, entered January 15, 1963, which: (1) granted plaintiff's motion and directed partial summary judgment in its favor against the defendant for $5,731.79 with interest from April 4, 1962, plus costs and disbursements to abide the final judgment; and (2) severed and continued the action as to the balance of plaintiff's claim alleged in the complaint and as to defendant's counterclaim alleged in the answer, as though said order had not been granted. Order modified by striking out the two decretal paragraphs thereof and by substituting therefor: (1) a provision granting plaintiff's motion for partial summary judgment in the amounts demanded in the first three causes of action only, i.e., (a) for $1,800 with interest from April 5, 1962, (b) for $1,793.50 with interest from April 16, 1962, and (c) for $1,575.30 with interest from May 4, 1962; and (2) a provision directing that the partial summary judgment herein granted as to the first three causes of action shall be subject to the following conditions: (a) that said causes of action be severed from the fourth and fifth causes of action pleaded in plaintiff's complaint and from the counterclaim pleaded by defendant in its answer; (b) that the issues raised by said fourth and fifth causes of action and the answer thereto, and by the counterclaim and the reply thereto be determined as though they had arisen in a separate action; and (c) that the entry of the summary judgment in favor of plaintiff on its first three causes of action be held in abeyance pending the determination of plaintiff's remaining causes of action and defendant's counterclaim. As so modified, order affirmed, with $10 costs and disbursements to abide the entry of final judgment. Each of the first four causes of action alleged in plaintiff's complaint has been established by admissions in defendant's answer and by undenied allegations in the affidavit in support of plaintiff's motion for partial summary judgment. The defendant has not submitted any proof of facts which would entitle it to defend against said first four causes of action. The fifth cause of action, however, has not been established. Nor has defendant submitted any proof in support of the allegations contained in its counterclaim. The mere assertion of the counterclaim, unsupported by proof that it is meritorious, does not bar relief to plaintiff under rule 114 of the Rules of Civil Practice (*Smith* v. *Cranleigh, Inc.*, 224 App. Div. 376). In order to defeat plaintiff's motion, it was necessary for defendant, who had virtually conceded the validity of plaintiff's claims based upon the four promissory notes, to assemble and reveal its proof in support of its counterclaim (*Dodwell & Co.* v. *Silverman*, 234 App. Div. 362). On the other hand, plaintiff concedes that there are triable issues of fact as to the counterclaim. Under the circumstances, plaintiff was entitled to judgment as demanded in the first four causes of action in its complaint, but was not entitled to a dismissal of the counterclaim. Consequently, entry of plaintiff's judgment should be held in abeyance pending the determination of the issues raised by plaintiff's remaining causes of action and defendant's counterclaim (*Nopco Chem. Co.* v. *Milner*, 12 A D 2d 942). Although plaintiff was entitled to judgment as demanded in the first four causes of action of its complaint, the face amounts of which total $6,738.20, in plaintiff's notice of motion partial summary judgment in the sum of $5,731.79 was demanded, and Special Term directed the entry of judgment in favor of plaintiff for that amount. On this appeal by the defendant this court is without authority to increase the amount for which judgment in favor of plaintiff was directed, to the amount demanded in the first four causes of action of the complaint, notwithstanding that plaintiff was entitled thereto. Neither may we affirm the direction of judgment in the sum of $5,731.79, for to do so would

have the effect of splitting one of the first four causes of action: Rule 114 does not permit the entry of a separate judgment as to separate items of damage only. (*Luotto* v. *Field*, 294 N. Y. 460; *Weinstein* v. *Primrose Blouse Co.*, 279 App. Div. 764; 75 A. L. R. 2d 1214 *et seq.*) Accordingly, at this time, we can direct summary judgment in favor of the plaintiff on only the first three causes of action, in which the face amounts demanded total $5,168.80. This determination is without prejudice, however, to a further motion by plaintiff, pursuant to rule 114 of the Rules of Civil Practice, for judgment in the amount demanded in said fourth cause of action. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.