Carman F. Ball, J.
Pursuant to defendant’s demand for a bill of particulars in this negligence action, plaintiff served a bill of particulars which contained the following paragraph: *263 11 tenth. The plaintiff, Joseph Pistorio, will seek to charge the defendant with future medical services, future hospital expenses, if any, future drug bills, if any, future x-rays, if any, and future nurses’ services, if any, for and on behalf of his son, Casper Pistorio.”
The defendant now moves for an order striking and deleting said paragraph ‘ ‘ tenth ’ ’ on the ground that it constitutes a so-called ‘ ‘ reservation ” clause, which has been held to be improper.
As to the propriety of such “ reservation ” clause, the following statement is found in volume 3 (§ 3041.20, pp. 30-557-30-558) of Weinstein-Korn-Miller, New York Civil Practice: “ In an attempt to prevent the bill of particulars from limiting the proof they may submit at trial, some parties insert a clause reserving the right to present additional facts relating to their cause of action or defense. On the ground that they frustrate the very purpose of the bill of particulars, the use of these clauses has generally been disapproved, [cases cited] A limited reservation based upon lack of information on one or more points has been upheld, however, usually with the understanding that a supplemental bill will be furnished when the information becomes available or at some point prior to trial, [cases cited] Instead of using a reservation clause, a party who is uncertain or uninformed as to some of the items in the request and wishes to avoid having his evidence limited at trial should state his lack of knowledge under oath and when the information becomes available to him move for leave to serve a supplemental or amended bill, [cases cited] ”,
While the defendant’s objection to the “ reservation ” clause has merit, it would seem that the defendant’s motion “ to strike and delete ” the clause from the bill of particulars is unauthorized. The decision of the Appellate Division, Fourth Department, in the case of Ivey v. New York Tel. Co. (279 App. Div. 972 [1952]) has been construed as holding that there is no authority for such a motion, a defendant’s remedy being limited, by former rule 115 of the Rules of Civil Practice (now CPLR 3042), to a motion for an order of preclusion or for a further bill of particulars. Justice McC'urn wrote a strong dissent in that case, and the ruling has been criticized by Weinstein-KornMiller in their work on New York Civil Practice in volume 3 (§ 3042.11, pp. 30-581-30-582). The decision of the Appellate Division was discussed and criticized, but followed in Rico v. Pierleom (33 Misc 2d 955 [Supreme Ct., Monroe County, 1962]).
*264 This court feels constrained to follow the precedents set in this Department, and, therefore, denies the motion, without costs.
However, the time for the defendant to move (under CPLR 3042 [d]) for an order of preclusion or directing the service of a further bill, is extended for a period of 10 days after service of a copy of the order herein with notice of entry thereof.