## (April 15, 1974)

ALL-TRONICS, INC., et al., Respondents-Appellants, v. AMPELECTRIC CO., Respondent, and WESTINGHOUSE ELECTRICAL SUPPLY CO. et al., Appellants-Respondents. (Action No. 1.) BOGUE ELECTRIC MANUFACTURING CO., Appellant, v. ALL-TRONICS, INC., et al., Respondents, and WESTINGHOUSE ELECTRIC SUPPLY CO. et al., Appellants-Respondents. (Action No. 2.) DYNAMICS CORPORATION OF AMERICA, Respondent-Appellant, v. ALL-TRONICS, INC., et al., Respondents, and WESTINGHOUSE ELECTRICAL SUPPLY CO. et al., Appellants-Respondents. (Action No. 3.)— The appeals are from a single interlocutory judgment of the Supreme Court, Nassau County, entered June 29, 1972, which determined the issues of liability after trial of these three actions on that issue only. Actions Nos. 1 and 3 were consolidated and tried jointly with Action No. 2. The actions were to recover for property damages sustained as a result of a fire. The interlocutory judgment was entered upon (1) a special verdict of a jury as to Action No. 1 and (2) the trial court's decision on the cross claims in that action and on all questions in Actions Nos. 2 and 3. Two of the defendants in all the actions, Westinghouse Electrical Supply Co. and Zinsco Electrical Products Co., appeal, as limited by their separate briefs,

from so much of the interlocutory judgment as is against them and in favor of plaintiffs in Action No. 1, against them upon cross complaints of defendant All-Tronics, Inc. in Actions Nos. 2 and 3 and against them upon their own cross complaints. One of the plaintiffs in Action No. 1, All-Tronics, Inc., cross-appeals from so much of the interlocutory judgment as dismissed the first, second and third causes of the complaint in that action (which were against defendant Notov [Ampelectric Co.]), the sixth cause therein (against defendant Zinsco) and its cross complaints insofar as they were against defendant Notov in Actions Nos. 2 and 3; and the other plaintiff in Action No. 1, 370 Hamilton Avenue Corp., cross-appeals from so much of the interlocutory judgment as dismissed the seventh and eighth causes of the complaint in that action (which were against defendant Notov) and the tenth cause therein (against defendant Zinsco). Plaintiff in Action No. 2, Bogue Electric Manufacturing Co., appeals from so much of the interlocutory judgment as dismissed the second cause in that action (which was against defendants Notov, Westinghouse and Zinsco). Plaintiff in Action No. 3, Dynamics Corporation of America, appealed from a stated portion of the interlocutory judgment, but filed no brief. Interlocutory judgment modified, on the law and the facts, by striking therefrom the decretal provisions dismissing the second cross claim of defendant Westinghouse Electrical Supply Co. against defendant Zinsco Electrical Products Co. in Actions Nos. 1 and 2 (for breach of implied warranty) and by substituting therefor a provision adjudging that Zinsco is liable to Westinghouse upon said cross claims. As so modified, judgment affirmed insofar as appealed from by Westinghouse, Zinsco, All-Tronics, 370 Hamilton Ave. and Bogue, with costs to Westinghouse against Zinsco. The proof established that a defect in the product manufactured by Zinsco caused the fire which damaged the property of all the plaintiffs. The liability of Westinghouse and Zinsco in Action No. 1 is based on the principle that a defect in a potentially hazardous product subjects the distributor-vendor and the manufacturer to liability to a purchaser for breach of implied warranties (*Goldberg* v. *Kollsman Instrument Corp.*, 12 N Y 2d 432). In Actions Nos. 2 and 3, the purchaser, defendant All-Tronics, Inc., was deemed by the trial court to be liable to the plaintiffs therein for breach of agreements to keep their property safely. The damage, however, was the result of the defective condition of the Zinsco product. Thus, again, the purchaser was entitled to judgment against the distributor-vendor and manufacturer, this time on its cross claims, for breach of implied warranties. Since in each instance Zinsco also breached an implied warranty of merchantability to Westinghouse, Westinghouse was entitled to judgment on its cross claims against Zinsco in Actions Nos. 1 and 2. No cross claim was interposed by Westinghouse against Zinsco in Action No. 3. Gulotta, P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.