■ · RONALD NORDHAUSER, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Respondents. — In a medical malpractice action, plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Buschmann, J.), dated July 25, 1983, as, upon granting to a limited extent defendants' motion, *inter alia,* for an order directing plaintiff to furnish a further bill of particulars and to strike certain matter from plaintiff's bill of particulars, struck from plaintiff's bill of particulars so much of items 9(e) and 9(f) as related to claimed damages for future loss of earnings and the reasonable value of nursing and custodial services performed by members of plaintiff's family, and (2) so much of a subsequent order of the same court, dated November 21, 1983, as, upon reargument, adhered to the original determination. ¶ Appeal from the order dated July 25, 1983, dismissed. That order was superseded by the order dated November 21, 1983, made upon reargument. ¶ Order dated November 21, 1983, reversed insofar as appealed from, on the law, and that branch of defendants' motion which sought

to strike from plaintiff's bill of particulars so much of items 9(e) and 9(f) as related to claimed damages for future loss of earnings and the reasonable value of nursing and custodial services performed by members of plaintiff's family denied. Order dated July 25, 1983, modified accordingly. ¶ Plaintiff is awarded one bill of costs. ¶ We find that Special Term erred in striking from plaintiff's bill of particulars so much of items 9(e) and 9(f) as related to claimed damages for future loss of earnings and the reasonable value of nursing and custodial services performed by members of plaintiff's family. Whether plaintiff will be permitted to introduce evidence with respect to the claimed damages is for the trial court and not Special Term (*Ivey v New York Tel. Co.,* 279 App Div 972, 973; *Morell v Saratoga Harness Racing,* 44 AD2d 884). We express no view concerning how the trial court should rule with respect to the evidence which may be offered as to the damages in question. Bracken, J. P., O'Connor, Niehoff and Boyers, JJ., concur.