■ SHAFT G. CRUMP, By His Mother and Natural Guardian, DELLA C. WILSON, et al., Appellants, v TIMES SQUARE STORES et al., Respondents.—In an action to recover damages for negligence, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Williams, J.), entered April 29, 1988, which, after a jury trial, and upon a ruling setting aside the jury verdict, is in favor of all the defendants and against them.

Ordered that the judgment is modified, on the law and the facts, by deleting therefrom the provision in favor of the defendants Times Square Stores and Seedman's, Inc., and against the plaintiffs and substituting therefor a provision in favor of the plaintiffs and against the defendants Times Square Stores and Seedman's Inc., on the issue of liabilty, finding those defendants 78% at fault in the happening of the accident; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages.

The plaintiffs instituted the instant action seeking to recover, *inter alia,* damages for injuries sustained by the infant plaintiff on June 24, 1985, when the front wheel of the bicycle he was riding disengaged, causing him to fall. The bicycle, which was manufactured by the defendant Royce Union Bicycle Company (hereinafter Royce), was purchased from, and assembled by, the defendants Times Square Stores (hereinafter TSS) and Seedman's, Inc., and was delivered to the infant plaintiff on June 23, 1985. The plaintiffs asserted causes of action sounding, *inter alia,* in negligence and breach of implied warranties of merchantability (UCC 2-314) and fitness for a particular use (UCC 2-315).

During the course of the trial, the court, at the close of the defendants' case, dismissed the plaintiffs' causes of action to recover damages for breach of implied warranties of merchantability and of fitness for a particular use. The issue of negligent assembly of the bicycle with respect to the defendants TSS and Seedman's, Inc., was submitted to the jury. Following its deliberations, the jury rendered a verdict apportioning 78% of the fault in the happening of the accident to those defendants and 22% to the plaintiffs. Upon the defendants' motion, the trial court set the jury verdict aside, and granted judgment in favor of the defendants dismissing the complaint.

Based upon a review of the record, we conclude that the

trial court acted improperly in setting the jury verdict aside. It is well established that "[j]udgment as a matter of law may be granted to a party after a contrary jury verdict only if 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [jurors] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (Frances G. v Vincent G., 71 NY2d 1001, 1002, quoting from Cohen v Hallmark Cards, 45 NY2d 493, 499). Moreover, the issue of whether a jury verdict should be set aside as against the weight of the evidence is essentially a factual determination, and the standard to be applied is whether the jury could have reached its decision on any fair interpretation of the evidence (see, De Luca v Kameros, 130 AD2d 705; Nicastro v Park, 113 AD2d 129).

Judged by the standards set forth above, the jury verdict should not have been disturbed. The plaintiffs submitted evidence to establish that the accident occurred on the first day that the infant plaintiff rode the bicycle and that he had not tampered with the bicycle at any time prior to the accident. Additionally, the infant plaintiff testified that the front tire disengaged from the bicycle as he was riding it. Moreover, the plaintiffs' expert testified that the front wheel of the bicycle would disengage within 20 minutes to three hours of usage if the "quick release" mechanism on the bicycle was not properly installed. Although the defendants' expert testified that the condition of the bicycle after the accident was inconsistent with the infant plaintiff's version of the accident, this created an issue of credibility for the trier of fact to determine and we decline to disturb its determination (see, Felt v Olson, 51 NY2d 977).

However, contrary to the plaintiffs' contention, the trial court properly dismissed the plaintiffs' causes of action sounding in breach of implied warranty of merchantability (UCC 2-314) as against the defendant Royce inasmuch as the plaintiffs failed to present sufficient evidence to indicate that the accident was caused by a design defect in the bicycle (see, All-Tronics v Ampelectric Co., 44 AD2d 693). Similarly, the plaintiffs' cause of action sounding in breach of an implied warranty of fitness for a particular use was properly dismissed since the plaintiffs did not produce any evidence to establish that they advised TSS and Seedman's, Inc., that the bicycle was to be used for a particular purpose and that they relied upon "the seller's skill or judgment to select or furnish suitable goods" (UCC 2-315).

We have reviewed the plaintiffs' remaining contentions and

find them to be without merit. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.