OPINION OF THE COURT
Kibbie F. Payne, J.
Defendant Toyota Motor Credit Corp. (Toyota) moves pursuant to CPLR 3212 (e), for an order directing entry of partial summary judgment in its favor, in action No. 1, and dismissing plaintiff Brenda M. Ray’s claim for lost earnings on the ground that her claim is without merit. Defendants Samuel L. Frazier, L. K. Comstock & Co., Beverly Walker Graham, executrix of the estate of Wanda W. Hartley, and Hertz Corp. cross-move for the same relief. Defendant City of New York has not submitted opposition to the motion.
This is an action to recover damages for personal injuries sustained as the result of a two-car collision which occurred on August 15, 1993. At the time of the accident, plaintiff Brenda M. Ray was a passenger in an automobile leased from the Hertz Corp. and driven by the defendant, Wanda Walker-Hartley. The other involved vehicle was leased and operated by defendant Samuel L. Frazier (Frazier). Toyota was the lessor of the vehicle driven by defendant Frazier. Plaintiff Ray, who was 33 years of age at the time of the accident, suffered severe multiple injuries in the collision. In her supplemental verified bill of particulars, dated October 8, 1997, plaintiff seeks to recover damages for alleged loss of future earnings based on her inability to return to school to achieve a nursing degree, and her inability to work as a nurse. It is also alleged that plaintiff has sustained lost future earnings including pension benefits in excess of $1.9 million for her statistical work-life expectancy. This figure is supported by the report of plaintiff’s economic expert, Leonard R. Freifelder, Ph D, dated August 29, 1997.
The evidence adduced thus far, through the deposition of plaintiff and her answers to the notice to admit, indicates that after receiving her high school diploma in 1978 or 1979, plaintiff discontinued her studies and for various family reasons, never attended any other educational or vocational institution. Plaintiff’s only employment following high school was a summer job with the United States Customs in 1978. Plaintiff claims that at the time of the accident and for years prior thereto, she was desirous of pursuing a career in nursing and that it was her intention to return to school to attain a col *276 lege degree and to seek a full-time career in nursing. On July 18, 1997, Toyota served a notice to admit, requesting that plaintiff furnish admissions regarding her claim of lost earnings predicated upon her alleged inability to pursue a career in nursing. In response, plaintiff admits that she never attained a degree of any kind in nursing, never attended a nursing program or school for a nursing degree, never paid tuition or payment toward any nursing program or school, never completed an application for financial assistance for admission to any nursing program or school, never attended an interview for admission with representatives from any nursing program or school, and never obtained any text books or course materials from any nursing program or school. Consequently, defendants contend that plaintiff’s claim for loss of future earnings premised on her inability to return to school to pursue a nursing degree is speculative, without factual support and should, therefore, be dismissed as a matter of law. As such, partial summary judgment is sought dismissing plaintiff’s claim for damages constituting lost future earnings (CPLR 3212 (e).
CPLR 3212 (e) provides in pertinent part that: “Partial summary judgment; severance * * * In any other action summary judgment may be granted as to one or more causes of action, or part thereof, in favor of any one or more parties, to the extent warranted, on such terms as may be just.” (Emphasis added.)
“This section or at least its predecessor has been interpreted to hold that no separate judgment may be granted as to separate items of damages only” (Bretscher v Christopher, 50 Misc 2d 61, 62; Luotto v Field, 294 NY 460, 463-464; Metal Specialty Prods. Corp. v Howal-Ronset Instrument Co., 19 AD2d 745; Weinstein v Primrose Blouse Co., 279 App Div 764). As stated by the Court of Appeals in Luotto (supra, at 463-464): “Inappropriate and insufficient allegations of damage in a complaint may be stricken out on order, but on such an order there cannot be entered a judgment which has the effect of severing those allegations into a separate cause of action, when such allegations really constitute only part of the statement of damage in a single cause of action for a single wrong. Neither section 476 of the Civil Practice Act, nor rule 114 [predecessor of CPLR 3212] as to ordering judgment as to part of a cause of action, permits the entry of a separate judgment as to such separate items of damage only.”
Hence, the determination of the instant motion does not turn upon the possible difficulties of proof or substantive rules *277 respecting the requirement of “reasonable certainty” of a damage claim for loss of future earnings (Kirschhoffer v Van Dyke, 173 AD2d 7) as movant would argue, but rather, upon the procedural inappropriateness of this application. Because the claim of special damages for loss of future earnings is “particularized” in plaintiffs bill of particulars and not her complaint, as it is required pursuant to CPLR 3041 and 3043 (a) (9), defendants’ motions are addressed to the allegations of the bill of particulars and not to “causes of action, or part thereof,” as CPLR 3212 (e) provides (emphasis added). However, the CPLR does not authorize any motion for judgment based on the allegations of a bill of particulars. In fact, it has been held to be error to strike so much of a plaintiffs bill as related to claimed damages for future loss of earnings and the reasonable value of nursing and custodial services performed (Nordhauser v New York City Health & Hosps. Corp., 102 AD2d 818, 819), since, whether plaintiff should be permitted to introduce evidence with respect to the claimed damages is for the trial court to determine and not Special Term (see also, Ivey v New York Tel. Co., 279 App Div 972, 973; Rosini v Cunanan, 130 AD2d 956; cf., Orr v Kiamesha Concord, 167 AD2d 153).
Finally, it is well settled that an injured plaintiff may recover for impairment of future earning capacity, recovery not being limited to actual earnings prior to the accident, and that juries should be allowed to assess damages on future earning capacities based on future probabilities (Grayson v Irvmar Realty Corp., 7 AD2d 436; Johnston v Colvin, 145 AD2d 846, 848). Accordingly, this court will not usurp the function of the trial court to decide the admissibility of proof on the issue of damages, nor the prerogative of the jury in this action to find, based on the evidence or the lack thereof, as it sees fit. The merits of plaintiffs claim for loss of future earnings must await plenary trial. Defendants’ motion and cross motions for partial summary judgment are denied.