■ BRENDA M. RAY, Plaintiff, v HERTZ CORPORATION et al., Defendants, CITY OF NEW YORK, Respondent, and L.K. COMSTOCK & COMPANY, INC., Appellant. (And Another Action.) (Action Nos. 1 and 2.) BEVERLY W. GRAHAM et al., Respondents, v CITY OF NEW YORK, Respondent, and L.K. COMSTOCK & COMPANY, INC., Appellant, et al., Defendants. (And Another Action.) (Action Nos. 3 and 4.) EAGLE INSURANCE Co., Plaintiff, v HERTZ CORPORATION et al., Defendants. HERTZ CORPORATION, Third-Party Plaintiff, v CITY OF NEW YORK, Third-Party Defendant-Respondent, and L.K. COMSTOCK & COMPANY, INC., Third-Party Defendant-Appellant. (Action No. 5.) [707 NYS2d 161] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about October 1, 1998, which, insofar as appealed from, denied the motion of defendant L.K. Comstock & Company, Inc. for summary judgment dismissing all direct claims, cross claims, counterclaims and third-party claims against it, unanimously reversed, on the law, without costs, the motion granted, and all claims against Comstock dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant and third-party defendant-appellant L.K. Comstock dismissing all direct claims, cross claims, counterclaims and third-party claims as against it.

The motor vehicle accident giving rise to this litigation allegedly resulted, in part, from a malfunction of the traffic light at the intersection of Edgecomb Avenue and West 141st Street in Manhattan. At the time of the accident, which occurred on August 15, 1993, a contract was in effect between the City and Comstock under which Comstock had the responsibility of maintaining and repairing traffic lights in Manhattan. Among other things, the contract required Comstock to repair malfunctioning traffic lights within a specified time frame after the City notified it of a malfunction.

Following the commencement of this action, Comstock moved for summary judgment. Supreme Court denied the motion, finding, *inter alia*, that there were unspecified questions of fact precluding summary judgment. This was error.

As to plaintiff's direct claims against Comstock, the contract between Comstock and the City does not indicate an intention that the City's nondelegable duty to maintain its highways in a reasonably safe condition (*see, Stiuso v City of New York*, 87 NY2d 889, 890-891) be supplemented with a comparable duty on the part of Comstock, or that Comstock's orbit of duty be broadened to members of the general public (*Powell v City of New York*, 250 AD2d 409; *Pizzaro v City of New York*, 188 AD2d 591, 593-594, *lv denied* 82 NY2d 656).

With respect to the City's claims against Comstock, the expert's affidavit relied upon by the City in opposition to the motion was insufficient to withstand summary judgment. The vague allegations asserted therein failed to sufficiently demonstrate that Comstock knew or should have known of any defect in the traffic light. Nor did the affidavit set forth an evidentiary basis for concluding that Comstock negligently repaired the light prior to the accident. We note in this connection that the last time Comstock was called to repair the light was approximately three months before the accident. That repair only necessitated the replacement of a light bulb. To the extent that the expert's affidavit pointed to post-accident complaints regarding the light, this evidence was irrelevant with regard to Comstock's knowledge of any defects prior to the accident. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ. [*See,* 182 Misc 2d 274.]