■ Luisa Siconolfi et al., Respondents, v Lakeland Central School District, Appellant, et al., Defendant. [721 NYS2d 564] —In an action to recover damages for personal injuries, etc., the defendant Lakeland Central School District appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered January 7, 2000, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

There are issues of fact as to whether the coaching staff negligently supervised the football team, and, if so, whether that negligence was a proximate cause of the accident (*see, Baker v Briarcliff School Dist.,* 205 AD2d 652). Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.

■ Eusebio Sosa, Appellant, v City of New York, Respondent, et al., Defendant. [721 NYS2d 565] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated March 3, 2000, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

After the respondent, the City of New York, established its prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. The Supreme Court properly determined that there is no evidence that the alleged negligence of the respondent in failing to post or replace an overhead sign was a proximate cause of the accident in which the plaintiff was allegedly injured (*see, Murray v State of New York,* 38 NY2d 782; *Law v New York City Tr. Auth.,* 279 AD2d 325; *Rendinaro v City of New York,* 254 AD2d 342; *Ether v State of New York,* 235 AD2d 685). The plaintiff's expert evidence was speculative and conclusory (*see, Terwilliger v Dawes,* 204 AD2d 433). The third set of photographs and the sign card from the New York City Bureau of Traffic Operations upon which the plaintiff relied were merely evidence of post-accident repairs or installations that were properly disregarded by the Supreme Court (*see, Ray v Hertz Corp.,* 271 AD2d 374; *Angerome v City of New York,* 237 AD2d 551).

The plaintiff's remaining contentions lack merit. Bracken, Acting P. J., S. Miller, McGinity and Schmidt, JJ., concur.