ELLYN STEINBERG et al., Respondents, v D. WALDNER Co., INC., et al., Appellants, et al., Defendant. (And Two Third-Party Actions.) [758 NYS2d 827] —In an action to recover damages for personal injuries, etc., the defendants D. Waldner Co., Inc., and Steelcase, Inc., separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated February 5, 2002, as denied those branches of their respective cross motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as separately appealed from, on the law, with one bill of costs, the cross motions are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiffs commenced this action to recover damages for injuries sustained by the plaintiff Ellyn Steinberg on December 11, 1992, when the top drawer of a three-drawer lateral file cabinet detached from its suspension brackets and fell to the ground, striking her. The cabinet allegedly was manufactured by the defendant Steelcase, Inc. (hereinafter Steelcase) and sold to the injured plaintiff's employer by the defendant D. Waldner Co., Inc. (hereinafter Waldner). The plaintiffs commenced this action against, among others, Steelcase and Waldner, alleging causes of action sounding in negligence, strict products liability, and breach of implied and express warranties. Steelcase and Waldner separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied their respective motions and these appeals ensued.

There is nothing in the record from which it can reasonably be inferred that the file cabinet was defective when it left the possession of Steelcase (*see James v Harry Weinstein, Inc.,* 258 AD2d 562 [1999]; *Brown v Elm Plumbing Supply,* 271 AD2d 469 [2000]; *Nichols v Agway, Inc.,* 280 AD2d 889 [2001]; *see generally Rosado v Proctor & Schwartz,* 66 NY2d 21, 25 [1985]).

Nor did the plaintiffs present admissible evidence sufficient to raise a question of fact as to their conclusory and speculative allegations that Waldner negligently installed and/or repaired the allegedly defective cabinet (*see Sullivan v Main*

*Line Elec. Co.,* 295 AD2d 497 [2002]; *Pierre v City of New York,* 273 AD2d 368 [2000]; *Krouner v Travis,* 290 AD2d 917 [2002]). A representative from Steelcase stated in a deposition, inter alia, that the drawers were installed and tested prior to shipping, while two of Waldner's employees stated in depositions that Waldner merely delivered the cabinet and placed it at a location specified by the customer. The injured plaintiff also acknowledged that she had used the cabinet, without difficulty, on a daily basis for several years before the accident (*cf. Crump v Times Sq. Stores,* 157 AD2d 768 [1990]). The plaintiffs' reliance upon work orders related to separate cabinets and an invoice for postaccident repairs to the subject cabinet is misplaced (*see Angerome v City of New York,* 237 AD2d 551 [1997]; *Sosa v City of New York,* 281 AD2d 469 [2001]).

Finally, the Supreme Court correctly held that the doctrine of res ipsa loquitur is inapplicable since the cabinet, which may have been moved when the office was reconfigured, was not in the appellants' exclusive control (*see Bass v Otis El. Co.,* 255 AD2d 284 [1998]). Prudenti, P.J., Ritter, Feuerstein and Adams, JJ., concur.