■ CAROL GOODE, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [790 NYS2d 677]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Flug, J.), dated August 25, 2003, as upon an order of the same court dated July 1, 2003, granting that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against her.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On August 5, 1987, at approximately 7:15 P.M., the plaintiff was involved in a minor automobile accident with the defendant William I. Sapp, Jr., as they were traveling eastbound on Queens Boulevard near its intersection with Union Turnpike in Kew Gardens. After the plaintiff and Sapp pulled over to the curb, the plaintiff stepped between Sapp's car and her car to inspect the damage to her vehicle. The plaintiff then looked up and saw a vehicle operated by the defendant Vincent Matteo approaching "[v]ery fast." Matteo's car hit the plaintiff's car in the rear, pinning the plaintiff between her own car and Sapp's car, causing severe injuries.

The plaintiff instituted this action, alleging, inter alia, that a proximate cause of her injuries was the negligence of the defendant City in the design and maintenance of the roadway in question. At issue here is whether the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it. We affirm.

The City made a prima facie showing of its entitlement to judgment as a matter of law by establishing that there was no evidence of a roadway defect, or that roadway conditions were a proximate cause of the accident. The plaintiff, in opposition, failed to demonstrate the existence of a triable issue of fact. The

affidavit of the plaintiff's expert, dated March 25, 2003, failed to state when he first examined the accident site or how he determined that the conditions at that time were similar to the conditions when the accident occurred in 1987. His opinion that the plaintiff's vehicle was stopped in an "appropriate" location and that the design of the roadway contributed to the subsequent rear-end collision is based upon speculation and conjecture. The plaintiff proffered evidence of prior and subsequent accidents but failed to demonstrate that those accidents involved circumstances and conditions substantially the same as the instant accident (*see Kane v Triborough Bridge & Tunnel Auth.,* 8 AD3d 239, 241 [2004]). The evidence of subsequent changes to pavement markings, traffic lights, and traffic signs is not admissible as evidence of negligence (*see Sosa v City of New York,* 281 AD2d 469 [2001]; *Angerome v City of New York,* 237 AD2d 551, 552 [1997]). Goldstein, J.P., Luciano, Crane and Spolzino, JJ., concur.