■ DAVID LUCKS, Appellant, v LAKESIDE MFG., INC., Respondent. [830 NYS2d 747]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Martin, J.), entered September 1, 2005, which denied his motion pursuant to CPLR 4404 (a) to set aside a jury

verdict in favor of the defendant on the issue of liability and for judgment as a matter of law or to set aside the verdict as against the weight of the evidence or in the interest of justice and for a new trial, and (2) a judgment of the same court dated February 23, 2006, which is in favor of the defendant and against him dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and are considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, a food service worker, placed a pan of hot soup on a shelf that was part of a steam service table, and was burned when the shelf collapsed, causing the soup to spill on him. The plaintiff commenced this action against the defendant, which designed and manufactured the table, asserting causes of action sounding in negligence, strict products liability, and breach of warranty. At trial, the plaintiff contended that the pan fell because the support mechanism of the shelf, specifically the support pin, was defective. The jury returned a verdict in favor of the defendant.

To conclude as a matter of law that a jury verdict is not supported by sufficient evidence, a court must determine that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Furthermore, a court should not set aside a jury verdict as against the weight of the evidence unless "the jury could not have reached the verdict on any fair interpretation of the evidence" (*Nicastro v Park,* 113 AD2d 129, 134 [1985]).

Contrary to the plaintiff's contentions, the verdict in this case was supported by a valid line of reasoning and permissible inferences and was not against the weight of the evidence. By the time the plaintiff's expert examined the steam table, approximately two years after the accident, only one of the four support mechanisms contained a support pin, and the plaintiff's expert was not certain that the pin he examined was installed by the defendant during manufacture. Thus, the jury could

have reasonably concluded that the support pin examined by the plaintiff's expert was not one of the original pins, or that it was not defective when it left the defendant's possession (*see Rosado v Proctor & Schwartz*, 66 NY2d 21, 25 [1985]; *Steinberg v Waldner Co.*, 305 AD2d 492 [2003]). Moreover, the jury was entitled to discredit the testimony of the plaintiff and his expert, in whole or in part, even though the defendant adduced no contradictory evidence (*see Vasquez v Jacobowitz*, 284 AD2d 326 [2001]; *Brennan v Bauman & Sons Buses*, 107 AD2d 654 [1985]).

The plaintiff's remaining contention is without merit. Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.